UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAAFAT ELSISY,

         Plaintiff,

v.

CITY OF KEEGO HARBOR, *et al.*,

         Defendants.

_____/

Case No. 2:19-cv-13346
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE THE COURT'S ORDERS ENTERED ON OR AFTER 4/17/2020 (ECF No. 28)

### A.    Background

Plaintiff Raafat Elsisy, proceeding *in pro per*, filed his initial complaint against Defendants the City of Keego Harbor and code enforcement officer David MacDonald on November 13, 2019 (ECF No. 1), before filing his first amended complaint on March 5, 2020 (ECF Nos. 13, 16).  On March 19, 2020, this case was referred to me for all pretrial matters.  (ECF No. 18.)  The parties held a joint discovery conference, and Defendants filed a discovery plan on April 17, 2020. (ECF No. 20.)

Plaintiff has since filed numerous motions with the Court, including two motions for sanctions (ECF Nos. 29, 39), a motion to set aside the Court's orders following the filing of the discovery plan (ECF No. 28), and a motion to withdraw

one of his claims (ECF No. 36).  Defendants, in turn, have filed a motion to

dismiss (ECF No. 25), in addition to a motion to stay discovery (ECF No. 26).

A hearing regarding the above motions (ECF Nos. 25, 26, 28, 29, 36, 39)

was held by Zoom videoconference technology on July 31, 2020, at which counsel

for Defendants appeared but Plaintiff was absent.[1]  The Court took Defendants'

motion to dismiss (ECF No. 25) as well as Plaintiff's motions for sanctions (ECF

Nos. 29, 39) under advisement, but made rulings on the record with regard to each

of the additional motions, including Defendants' motion to set aside the Court's

orders following filing of the discovery plan (ECF No. 28), which is the subject of

this order.

### B.    The Parties' Joint Discovery Plan

---

[1] Plaintiff filed a motion late in the evening on July 30, 2020, seeking adjournment
of the July 31, 2020 hearing because his car was not safe to drive to Detroit (ECF
No. 41), which the Court denied two full hours before the hearing (ECF No. 43).
Plaintiff is an e-filer and should have received it.  As stated by the Court in that
order, the hearing had long been set to occur through Zoom, and Plaintiff had
adequate notice and capability to participate.  (ECF No. 43.)  The Court's order
made clear that the hearing would go forward with or without Plaintiff, as he was
not excused and it is for the Court, not the parties, to determine when a hearing
will be held.  It is also worth mentioning that Plaintiff's other argument for an
adjournment, namely that Defendants had yet to file a response to his second
motion for sanctions, is not well-taken.  Rule 11 motions must be handled by
report and recommendation, and thus taken under advisement.  There was no risk
of a bench ruling on this motion.  Nor was it the only motion set for hearing that
day.  In any case, Defendants' brief got filed before the hearing and the Court had
enough time to read it.

As stated by Defendants in the April 17, 2020 discovery plan:

[T]he parties conferred on April 2, 2020, pursuant to the Magistrate Judge's Text-Only Order of March 22, 2020. Following the conference, Defendants' counsel prepared this written Plan, also at the Magistrate Judge's behest. On April 8, 2020, counsel forwarded the draft Plan by email to Plaintiff to afford him the chance to make any changes or to contribute any further content. At this filing, *Plaintiff has not responded to the email message* or made any changes to the Plan set forth below.

(ECF No. 20, PageID.152-153) (emphasis added).

### C.    Plaintiff's Motion to Set Aside (ECF No. 28)

Currently before the Court for consideration is Plaintiff's June 1, 2020 motion to set aside the Court's orders entered on or after April 17, 2020, the date Defendants filed the discovery plan (ECF No. 28), and Defendants' response in opposition (ECF No. 32). Plaintiff asserts that *all orders* entered by the Court following the filing of the discovery plan were "obtained by fraud" due to alleged misconduct on the part of Defendants. (ECF No. 28, ¶ 12, PageID.271.) Upon consideration of these motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion to set aside (ECF No. 28) is **DENIED**.

First, while Plaintiff relies upon Fed. R. Civ. P. 60(b) as grounds for his motion to set aside, the rule provides for relief from final judgments, orders or proceedings; it does not provide for relief from interlocutory orders. *Rheinfrank v.*

*Abbott Laboratories, Inc.*, 137 F.Supp.3d 1035, 1037 (S.D. Ohio 2015) (citing

*Payne v. The Courier– Journal*, 193 F. App'x. 397, 400 (6th Cir. 2006)).  Thus,

from a procedural perspective, the motion is improper.

Second, although Defendant should not have signed Plaintiff's name to the

"joint" discovery plan, as made clear by the Court at the hearing, the unofficial,

homemade telephone "transcript" provided by Plaintiff and attached to his first

motion for sanctions (*see* ECF No. 29-1) fails to demonstrate any fraudulent

motives on behalf of defense counsel.[2]  Nor was it appropriate for Plaintiff to

record this telephone conversation without defense counsel's knowledge.  In any

case, Plaintiff's motion fails to demonstrate how he was in any way prejudiced by

the alleged filing of the joint discovery plan, the substance of which he appears to

have concurred in, or why the relief he seeks in this motion is necessary.  His

failure to attend the hearing deprived the Court of the opportunity to ask him.

**IT IS SO ORDERED.**

Dated: August 6, 2020                                      s/*Anthony P. Patti*
                                                           Anthony P. Patti
                                                           UNITED STATES MAGISTRATE JUDGE

---

[2] Neither the Court nor Defendants recognize this document as an acceptable
transcript for purposes of proving anything in court proceedings; however, since
Plaintiff relies upon it and it fails to support his position, it is noteworthy to point
this out.