UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAAFAT ELSISY,

       Plaintiff,

v.

CITY OF KEEGO HARBOR, *et al.*,

       Defendants.

_____/

Case No. 2:19-cv-13346
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S "EMERGENCY LETTER" REQUEST (ECF No. 47)

Plaintiff Raafat Elsisy, proceeding *in pro per*, filed his initial complaint against Defendants on November 13, 2019 (ECF No. 1), and a first amended complaint thereafter (ECF Nos. 13, 16). On March 19, 2020, this case was referred to me for all pretrial matters. (ECF No. 18.)

Before the Court for consideration is Plaintiff's August 7, 2020 "emergency letter" asking the Court to set dates by which it will rule on pending motions and grant time to file an appeal. (ECF No. 47.)[1] First, Plaintiff is directed to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with

---

[1] The Court assumes the letter is Plaintiff's attempt to comply with the Court's August 5, 2020 order requiring the parties to request leave before filing any additional motions in this case. (ECF No. 44.)

a copy of a magistrate judge's order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).  To the extent he is seeking leave to *file a motion* to extend that deadline, leave is **GRANTED**.  He may file a motion to that effect, to be decided by the district judge.  Second, the Court is unclear as to what Plaintiff means by a "Bias complaint," but based on the limited information supplied, it does not appear that he needs to request the Court's permission to file such a complaint.  And, third, it is not the Court's practice to set dates by which it will rule on motions that have been filed with the Court, so Plaintiff's request that the Court do so here is **DENIED**.  Plaintiff is reminded that his is one of hundreds of cases currently pending before the Court, and that it merits no particularly special treatment or consideration.  When the Court rules on the various motions pending before it, he will be no more "Caught Off Guard" (ECF No. 47, PageID.483) than any other party to a federal lawsuit.

    The Court further notes that Plaintiff's various reasons for requesting postponements and additional time are unsupported and not well taken.  Like any other litigant, Plaintiff is expected to follow the Court's procedural rules and practices, as he was previously informed in the scheduling order (ECF No. 21, PageID.163), as well as the order denying his last-minute motion to postpone the July 31, 2020 hearing (ECF No. 43).  Notably, although he now claims that he missed the hearing because he had been "sick with cold/flu for a week or so, which

made [him] tired and sleeping a lot for [an] unusually long period of time[,]" causing him to sleep until 3:30 p.m. (hours after both the order issued and the hearing took place), this explanation was conspicuously absent from his motion to adjourn the hearing, filed the night before. (ECF No. 47; *compare* ECF No. 41.)

**IT IS SO ORDERED.**

Dated: August 11, 2020              s/*Anthony P. Patti*
                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE