UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAAFAT ELSISY,

        Plaintiff,

v.

CITY OF KEEGO HARBOR, *et al.*,

        Defendants.
_____/

Case No. 2:19-cv-13346
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SANCTIONS (ECF NO. 29)

**I.   RECOMMENDATION:**  The Court should **DENY** Plaintiff's motion for sanctions under Rule 11(c)(4).  (ECF No. 29).

**II.   REPORT:**

    **A.   Background**

        **1.   The discovery conference and preparation of the discovery plan**

Plaintiff Raafat Elsisy, proceeding *in pro per*, filed his initial complaint against Defendants the City of Keego Harbor and code enforcement officer David MacDonald on November 13, 2019 (ECF No. 1), and his first amended complaint thereafter (ECF Nos. 13, 16).  On March 19, 2020, this case was referred to me for all pretrial matters.  (ECF No. 18.)  On March 22, 2020, the Court entered a text-

only order requiring the parties to file a Rule 26(f)(3) joint discovery plan by April 17, 2020. During the parties' discovery conference via telephone on April 1, 2020, defense counsel proposed pushing the initial Rule 26(a)(1) disclosure date to June 1, 2020, and Plaintiff did not object. (ECF No. 29-1, PageID.308-309).[1]

In the conference, defense counsel said that they would draft the discovery plan and send it to Plaintiff, who could subsequently "click on review then send your comments or suggestions." (ECF No. 29-1, PageID.309.) Plaintiff consented and confirmed that he had Microsoft Word. (ECF No. 29-1, PageID.309). On April 8, 2020, defense counsel's office emailed Plaintiff the proposed discovery plan and included a sentence stating, "If you have any suggested changes/edits, kindly return them to us." (ECF No. 32-4, PageID.367.) Plaintiff did not answer.

On April 17, 2020, Defendants filed the joint discovery plan (ECF No. 20) and signed Plaintiff's name after not receiving any response from him. They included a prefatory paragraph explaining that the parties conferred and Defendants prepared the joint discovery plan, but Plaintiff never responded to the

---

[1] Plaintiff attaches and relies on a homemade "transcript" of his conversation with defense counsel, based on a surreptitious recording he made of their phone call. (ECF No. 29-1.) Neither the Court nor Defendants recognize this document as an acceptable transcript for purposes of proving anything in court proceedings; however, because Plaintiff relies upon it as the basis for much of his motion, the Court makes reference to it as his cited support, particularly as this "transcript" often contradicts Plaintiff's own version of events. The Court does not condone recordings made without the consent and knowledge of all participants.

email request with any suggested changes. (ECF No. 20, PageID.153.) Thus, it was made clear to the Court that Plaintiff did not give his final "blessing" to the about-to-be-filed joint discovery plan, notwithstanding his purported electronic signature.

### 2. Multiple motions and the missed hearing

Plaintiff has since filed numerous motions with the Court, including a motion to set aside the Court's orders following the filing of the discovery plan (ECF No. 28), and a motion to withdraw one of his claims (ECF No. 36), both of which have since been denied by the Court (ECF Nos. 45, 46). Plaintiff's first iteration of a motion for sanctions (ECF No. 22) was followed by the Court's text-only order on May 5, 2020, striking the motion and stating that Plaintiff "should give serious consideration to whether the motion for sanctions should have been filed in the first place, and may refrain from re-filing if, upon further reflection, its original filing was, perhaps, improvident." However, Plaintiff subsequently filed two more motions for Rule 11 sanctions, including the motion at issue here. (ECF Nos. 29, 39.) Defendants, in turn, have filed a motion to dismiss (ECF No. 25), in addition to a motion to stay discovery (ECF No. 26), the latter of which has recently been granted. (ECF No. 44.)

A hearing regarding the six motions then pending (ECF Nos. 25, 26, 28, 29, 36, 39) was held by Zoom videoconference technology on July 31, 2020, at which

3

counsel for Defendants appeared but Plaintiff was absent.  Plaintiff had filed yet another motion late in the evening on July 30, 2020, seeking adjournment of the July 31, 2020 hearing because his car was not safe to drive to Detroit (ECF No. 41, PageID.452), which the Court denied two full hours before the hearing (ECF No. 43).  Plaintiff is an e-filer and should have received it, but now claims that he missed the order denying his motion to adjourn because he woke up after 3:30 p.m. that day (after the hearing had concluded) as the result of being "sick with cold/flu for a week or so, which made [him] tired and sleeping a lot for [an] unusually long period of time[,]" an explanation which was conspicuously absent from his motion to adjourn the hearing, filed the night before. (ECF No. 47; *compare* ECF No. 41.) As stated by the Court in the order denying adjournment, the hearing had long been set to occur through Zoom, and Plaintiff had adequate notice and capability to participate.  (ECF No. 43.)  The Court's order made clear that the hearing would go forward with or without Plaintiff, as he was not excused and <u>it is for the Court, not the parties, to determine when a hearing will be held.</u>  It is also worth mentioning that Plaintiff's other argument for an adjournment, namely that Defendants had yet to file a response to his second motion for sanctions, was not well-taken.  Rule 11 motions must be handled by report and recommendation, and thus taken under advisement.  There was no risk of a bench ruling on this motion. Nor was it the only motion set for hearing that day.  In any case, Defendants' brief

4

got filed before the hearing and the Court had enough time to read it, as did Plaintiff. The Court took Defendants' motion to dismiss (ECF No. 25) as well as Plaintiff's motions for sanctions (ECF Nos. 29, 39) (including this one) under advisement, but made rulings from the bench with regard to each of the other three motions.

### B. Plaintiff's Motion for Sanctions (ECF No. 29)

Currently before the Court for consideration is Plaintiff's June 2, 2020 motion for sanctions under Fed. R. Civ. P. 11(c)(4), in which he asserts misconduct related to the preparation and filing of the joint discovery plan. Specifically, Plaintiff argues that defense counsel tried to mislead him about the filing deadline for the joint discovery plan (ECF No. 29, PageID.284), "took the information that I told them in good faith at the conference regarding submitting my neighbor's houses photos under seal, then used it against me in their own joint discovery plan filing" (ECF No.29, PageID.288), and tried intimidating him to withdraw his case. (ECF No. 29, PageID.292.) Plaintiff's motion for sanctions under Rule 11(c)(4) (ECF No. 29) should be **DENIED**, for the reasons that follow.

#### 1. Applicability of Rule 11 and the Safe Harbor Provision

"Rule 11 is inapplicable to any requests for or responses to disclosure or discovery." 2 *Moore's Federal Practice* § 11.02[5] (2020). However, Rule 11 pertains to "signed pleadings, motions, and other papers." Fed. R. Civ. P. 11(a).

5

The discovery *plan* at issue here can qualify as "other paper," since this is a broad term and, unlike discovery responses, is expected to be filed with the Court. The overall purpose of Rule 11 is to deter baseless filings and compensate those defending against them. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

The awarding of sanctions under Rule 11 is proscribed by its "Safe Harbor" provision, which requires that:

> The motion must be served under Rule 5, but it *must not be filed or be presented to the court* if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2) (emphasis added).

"The [Rule 11] 'safe harbor' provision, granting a time period between the time of service and the time for filing, is designed to allow for the correction of the alleged violation." 2 *Moore's Federal Practice* § 11.22[1b] (2020). The safe harbor period is set at twenty-one days. Plaintiff argues that safe harbor is unnecessary. He states that, "If Defendants committed 'fraud upon the court' they can't Un-Defraud the court," and, therefore, the "safe harbor 21 days rule would be irrelevant[.]" (ECF No. 29, PageId.276, ¶ 18.) However, this reasoning is negated by the Rule itself, which clearly provides for a perceived violation of the Rule to be pointed out by the offender party and cured by the offending party, *before*

burdening the Court with, as here, repeated motions taking offense at various things filed by an opponent with which a party disagrees.[2]

In this case, had Plaintiff given the Defendants the opportunity to withdraw or amend the discovery plan, his objections might well have been cured and the Court could have avoided its current expenditure of judicial resources. And, contrary to Plaintiff's argument, the filing of the motion itself does not provide the pre-filing notice required by the Rule. The Rule states clearly that the motion "must not be filed or presented to the court" during the 21-day safe harbor period as the goal is to *prevent* an unnecessary Rule 11 motion from being filed in the first place. Fed. R. Civ. P. 11(c)(2). It is clear to the Court that the safe harbor provision applies and the motion should be denied on this threshold basis.

### 2. Alleged bad faith actions by defense counsel

In denying this motion, the Court need not consider anything more than Plaintiff's failure to afford the safe harbor provision to his opponents. However, even if he had complied with the obligation to give advance notice to Defendants, his motion should fail on the merits. While Plaintiff alleges that defense counsel tried to mislead him into believing that Friday, April 3, 2020 was the filing

---

[2] Justice Scalia famously protesting against the adoption of the safe harbor provision in the 1993 amendment to Rule 11, referred to the current version as being "toothless," because it allows the offender to "escape with no sanction at all." Amendments to the Federal Rules of Civil Procedure, Dissenting Statement of Justice Scalia, 146 F.R.D. 507-08 (1993).

deadline for the joint discovery plan, as opposed to April 17, 2020 (ECF No. 29, PageID.283), this was actually an innocent mistake which was quickly corrected. Plaintiff's unofficial transcript takes note of the correction as well, as Ms. McLaughlin advised of the correct date. (*see* ECF No. 29-1, PageID.310). Defendants argue that while "Plaintiff has accused counsel of concocting an evil plot to mislead him, however, Ms. Debler's innocent mistake . . . can hardly be termed fraud or misconduct." (ECF No. 29, PageID.332.) "[A] mere misstatement . . . an honest mistake, an innocent overvaluation, lack the essential element of fraud . . . ." *D.R.C.D.T., Inc. v. Integrity Ins. Co.*, 816 F.2d 273, 277 (6th Cir. 1987) (quoting *Campbell v. Great Lakes Ins. Co.,* 228 Mich. 636, 638 (1924)). Moreover, regardless of what defense counsel may have mistakenly believed or stated on the subject, Plaintiff should have been fully aware of the correct deadline for filing the discovery plan, as it was clearly stated in the Court's March 22, 2020 text-only order. He could have simply corrected Defendants' attorney if he thought she was wrong.

In terms of Plaintiff claiming that Defendants acted in bad faith by not respecting his wish to have the photos of his neighbor's house filed under seal, the defense counsel's actions were actually just reflecting the law. Plaintiff should have demonstrated that a statute or rule authorized the filing of the photographs under seal, or he should have requested a court order to accomplish it. *See* E.D.

8

Mich. L.R. 5.3; *see also* Judge Patti's Practice Guidelines under "Protective Orders" and cases cited therein. Defendants' attorneys did not mislead Plaintiff, as they expressly requested that they "didn't necessarily want [Plaintiff] to send us anything before we get [the issue of filing them under seal] ironed out." (ECF No. 32-3, PageID.309). Contrary to Plaintiff's argument, the mere mention of these photographs in the discovery plan did not violate anything. Furthermore, the Court would be hard-pressed to see a basis for sealing photos of a house that can be seen in public view, however much Plaintiff may not wish for his neighbors to know that he is pointing to their homes as examples of unpunished blight.

In fact, the Sixth Circuit disfavors the sealing of court records, instead strongly upholding the public airing of grievances. Parties desiring to file court papers under seal face a formidable task in overcoming the presumption that court filings are open to public inspection. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). "[T]he public is entitled to assess for itself the merits of judicial decisions," and, thus, "'[t]he public has an interest in ascertaining what evidence and records the District Court [has] relied upon in reaching [its] decisions.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 118 (6th Cir. 1983)). "The courts have long recognized, therefore, a 'strong presumption in favor of openness' as to court records," and the "burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane*

9

*Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citations omitted). "The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (quoting *Knoxville News*, 723 F.2d at 476). And, "even when a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.* (citing *Press-Enterprise Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 509-11 (1984)).

Finally, the undersigned notes that if Plaintiff did not agree with the discovery plan as filed by Defendants, he could have filed his own version. He was just as obliged as Defendants to comply with the discovery plan deadline set by the Court.

### 3. Intimidation to withdraw case

Plaintiff claims that defense counsel "willfully and intentionally planned everything ahead in bad faith, trying to intimidate [him] at the conference to withdraw the case." (ECF No. 29, PageID.294). However, nowhere in this record is there evidence of defense counsel intimidating Plaintiff to withdraw. And a defendant encouraging a plaintiff (*pro se* or not) to withdraw a case that the defendant believes to be frivolous, or even threatening to seek sanctions, is not, in and of itself, undue "bullying" or "intimidation." Plaintiff references the April 1 telephone conference in which the parties discussed whether tickets dismissed

10

without prejudice by the City Attorney would be reinstated. (*See* ECF No. 29-1, PageID.313-314.) At one point, assuming the accuracy of the "transcript" for the sake of argument only, defense counsel (Ms. Debler) asks if concern over an alleged prosecution would "change anything." (ECF No. 29-1, PageID.314.) However, this does not insinuate any sort of intimidation to withdraw the case or threat to unlawfully prosecute, and it is therefore not deserving of sanctions. In fact, in *context*, it appears that defense counsel was just trying to understand why Plaintiff is going forward with this lawsuit despite the fact that his underlying municipal prosecution had been dismissed. The second part of the sentence attributed to her is telling: "I mean I know that is your concern they gonna continue to prosecute you, is this part of you concern?" (ECF No. 29-1, PageID.314.) In other words, she was trying to see this case *from Plaintiff's paradigm.*

### 4. Professional Misconduct

I agree with Plaintiff's assertion that Defendants should not have signed Plaintiff's name to the joint discovery plan, as made clear by the Court at the hearing, where they were admonished not to ever do this again. However, I disagree that this act meant that "they committed fraud." (ECF No. 29, PageID.296, ¶ 97.) The unofficial, homemade telephone "transcript" provided by Plaintiff and attached to this motion (*see* ECF No. 29-1) fails to demonstrate any fraudulent motives on behalf of defense counsel. Defendants accurately state that,

11

"Plaintiff has in conclusory fashion ascribed nefarious motives to every statement and interaction of defense counsel during the April 1 telephone conference . . . ." (ECF No. 32, PageID.331-332.) This ascription displays an unduly suspicious view of the interactions that routinely take place in litigation.

The fraud accusation also fails in light of Plaintiff's admission that, "A week later [after the Rule 26(f) telephone conference] I got an email from someone else (not an attorney of record) with an attachment. *I ignored it*. Both attorneys of record didn't send me anything." (ECF No. 29, PageID.299, ¶ 113 (emphasis added.)) This email came from Mr. Irick, from the same domain as defense counsel, and included a request for any suggested changes/edits. (ECF No. 32-4, PageID.367.) Because Plaintiff admitted to receiving this email, defense counsel was reasonable in believing that Plaintiff had no changes or additional suggestions to add to the joint discovery plan. They state that they believed that Plaintiff was satisfied with it. (ECF No. 32, PageID.334.) As a result, Plaintiff's signature being added by defense counsel does not qualify as "fraud," even if ill-advised. And Plaintiff is incorrect in his assertion that only counsel of record may communicate with him from defense counsel's office. This is not a reasonable expectation during a federal lawsuit.

### C.     Conclusion

Plaintiff's motion is "replete with wildly speculative and unsubstantiated accusations of improper motives of counsel." (ECF No. 32, PageID.336). Even overlooking the threshold procedural defects in his motion, his reasons for desiring sanctions are weak, and his failure to attend the hearing deprived the Court of the opportunity to ask him to elaborate. Plaintiff seeks to impose sanctions on defense counsel, claiming they "make up things and lies . . . constantly trying to defraud the court." (ECF No. 29, PageID.299, ¶ 110.) <u>I see no evidence of that</u>. The motion should be **DENIED**. Plaintiff is also warned that continuing to file unfounded motions for sanctions may subject him to sanctions himself, under the same rule that he so casually invokes.

### III.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  August 11, 2020             s/*Anthony P. Patti*
                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE