UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAAFAT ELSISY,

    Plaintiff,

v.

CITY OF KEEGO HARBOR, ET AL.,

    Defendants.

Case No. 19-cv-13346

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL/DISQUALIFING OF ALL THE JUDGES & MAGISTRATE JUDGES PURSUANT TO 28 U.S.C. §§ 144, 145 (b)(1) AND 455(a) [#50]

#### I. INTRODUCTION

On November 13, 2019, Plaintiff Raafat Elsisy ("Plaintiff"), proceeding without the assistance of counsel, filed his Complaint against Defendants City of Keego Harbor and its Code Enforcement Officer David McDonald (together, "Defendants") and application to proceed without prepayment of fees. ECF Nos. 1, 2. On November 20, 2019, the Court granted Plaintiff's application, ECF No. 6, and the summons was issued on December 3, 2019, ECF No. 9. Plaintiff filed a First Amended Complaint thereafter. *See* ECF No. 17.

Presently before the Court is Plaintiff's Motion for Recusal/Disqualifying of All the Judges & Magistrate Judges Pursuant to 28 U.S.C. §§ 144, 455 (b)(1) and 455(a) (hereinafter, "Motion to Disqualify"), which was filed on August 25, 2020.

-1-

ECF No. 50.  Defendants filed a Response on September 8, 2020.  ECF No. 52. Plaintiff did not file a Reply.[1]  Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Plaintiff's Motion on the briefs.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow, the Court will **DENY** Plaintiff's Motion to Disqualify [#50].

## II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff's action stems from purportedly unconstitutional actions taken by Defendants in October 2019 when Officer McDonald issued three "vaguely written ordinance violations [sic] tickets," including blight appearance, front steps repair, and "[v]ehicle inoperable or probably licensed."  ECF No. 17, PageID.73.  Plaintiff alleges that Defendants acted unreasonably when they issued these tickets to him since his neighbors "with similar or much worse circumstances" did not receive the same treatment.  *Id.* at PageID.67, 97.

Defendants assert that Officer McDonald previously sent Plaintiff a letter advising him to correct issues on his property, including unsafe steps and parking/storage of inoperative vehicles in the driveway, by April 5, 2019.  ECF No. 25, PageID.218.  Officer McDonald and Plaintiff allegedly had a phone conversation

---

[1] The Court granted Plaintiff's First and Second Motions for Extension of Time to File Answer (ECF Nos. 55 and 56).  On December 14, 2020, the Court issued an Order denying Plaintiff's Third Motion for Extension of Time.  ECF No. 58.

regarding the aforementioned ordinance violations; Plaintiff was then granted an extension to correct the issues by April 30, 2019. *Id.* Plaintiff purportedly received subsequent extensions, including one to May 15, 2019 and another to September 20, 2019. *Id.* at PageID.219–21. Plaintiff was cited for the ordinance violations, specifically International Property Maintenance Code ("IPMC") sections 302.1, governing blight and unsafe conditions; 304.1, failure to repair front steps in a safe manner; and 302.8, parking of inoperable or unlicensed vehicles, on October 2, 2019. *Id.* at PageID.221.

A hearing on Plaintiff's ordinance citation was scheduled in the 48th District Court for October 23, 2019. *Id.* at PageID.222. However, the hearing was adjourned to November 13, 2019 in light of Plaintiff's illness. *Id.* On the morning of November 13, 2019, Plaintiff filed a Notice of Removal to federal court. *Id.* The City of Keego Harbor's attorney adjourned the matter for thirty days, and ultimately dismissed it without prejudice, pending resolution of the federal case. *Id.*

In Plaintiff's First Amended Complaint, he identifies four constitutional violations: Equal Protection (Count I); Due Process denial of access to courts (Count II); unlawful search under the Fourth Amendment (Count III); and Due Process denial based upon alleged vagueness of the cited City ordinances (Count IV). On March 19, 2020 the Court referred all pretrial proceedings in this matter to Magistrate Judge Anthony P. Patti. ECF No. 18. Plaintiff has since filed numerous

motions with the Court, including two motions for Rule 11 sanctions, ECF Nos. 29, 30, a motion to set aside the Court's orders following the filing of the discovery plan, ECF No. 28, and a motion to withdraw one of his claims, ECF No. 36.  Defendants have also filed a motion to dismiss, ECF No. 25, as well as a motion to stay discovery, ECF No. 26.

A hearing on these motions was held before Magistrate Judge Patti on July 31, 2020.  Magistrate Judge Patti took Defendants' motion to dismiss, as well as Plaintiff's motions for sanctions, under advisement.  On August 5, 2020, Magistrate Judge Patti granted Defendants' motion to stay discovery and required the parties to obtain leave of the Court to file additional motions.  ECF No. 44.  Plaintiff's motion to withdraw one of his claims, ECF No. 36, and motion to set aside the Court's orders following the filing of the discovery plan, ECF No. 28, were denied the following day in separate orders.  ECF Nos. 45, 46.  On August 11, 2020, Magistrate Judge Patti issued a Report and Recommendation, recommending that the Court deny Plaintiff's motion for sanctions (ECF No. 29).  *See* ECF No. 49.  This Court accepted and adopted the Report and Recommendation on November 4, 2020.  ECF No. 53.

Plaintiff now seeks disqualification of Magistrate Judge Patti and of all judges and magistrate judges of this Court from hearing his case.  ECF No. 50.  Plaintiff filed this Motion fourteen days after Magistrate Judge Patti's aforementioned Report and Recommendation.  In his Motion, Plaintiff argues that Magistrate Judge Patti

"extremely damaged" his case and shows "actual impartiality/bias" against him. *Id.* at PageID.505, 508. Plaintiff also requests the Court to appoint an attorney for him. *Id.* at PageID.508.

In their Response, Defendants argue that Plaintiff's Motion fails both procedurally and substantively. ECF No. 52, PageID.543. They thus request the Court to deny all requested relief by Plaintiff. Plaintiff failed to file a timely Reply.

### III. LAW & ANALYSIS

Plaintiff brings this motion to disqualify Magistrate Judge Patti and all judges and magistrate judges of this Court under 28 U.S.C. §§ 144, 455(a), (b)(1). These statutes call for the disqualification of a judge where the judge has "a personal bias or prejudice" against a party in the suit.

Section 28 U.S.C. § 144 states:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

An affidavit filed under § 144 must "allege[] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party." *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) (citation omitted). A district court is "required to accept as true the factual allegations of the movant's affidavit, but the court may only credit facts that are sufficiently definite and particular to

convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (internal quotation marks and citation omitted). An affidavit is considered timely if it is submitted "at the earliest possible moment after the movant acquires knowledge of the facts demonstrating the basis for such disqualification." *Id.* (citation omitted).

The Sixth Circuit has explained that the requirements of § 144 are "strictly construed to prevent abuse." *See id.* Plaintiff did not file an affidavit as required under the statute. Rather, Plaintiff includes a memorandum of law and facts in support of his Motion. Moreover, even if Plaintiff did submit an affidavit, the Court questions whether it could be considered timely at this juncture. Indeed, Plaintiff filed his Motion on August 25, 2020, approximately nine months after he filed his Complaint and six months after all pretrial matters were referred to Magistrate Judge Patti. By the time Plaintiff filed the present Motion, Magistrate Judge Patti conducted a hearing on six of the parties' pending motions and resolved most of these motions by substantive orders. In sum, the Court finds that Plaintiff cannot seek relief under 28 U.S.C. § 144.

Plaintiff also cites to 28 U.S.C. § 455 as authority for his requested relief. Section 28 U.S.C. § 455 states:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

The Sixth Circuit has determined that "a judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Sammons*, 912 F.2d 592, 599 (6th Cir. 1990) (alteration in original) (citations omitted). The standard is an "objective one." *Id.* A judge therefore need not recuse himself based on the moving party's subjective view. *See Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988), *cert. denied*, 488 U.S. 1018 (1989). The burden is on the moving party to justify a judge's disqualification. *Burley v. Gagack*, 834 F.3d 606, 616 (6th Cir. 2016).

Moreover, the Supreme Court has explained that the bias which requires recusal must be personal or extrajudicial. *Liteky v. United States*, 510 U.S. 540, 548 (1994). The Sixth Circuit explained this requirement in *Wheeler v. Southland Corp.*:

> "Personal" bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases. Personal bias arises out of the judge's background and associations. The critical test is whether the alleged bias "stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case."

875 F.2d 1246, 1251–52 (6th Cir. 1990). The basis for recusal can therefore not be a judge's prior ruling. Indeed, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Under § 455, prejudice or bias means "a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it rests upon knowledge that the subject ought not to possess ..., or because it is excessive in degree ...." *Burley*, 834 F.3d at 616 (emphasis in original) (citation omitted).

Upon review of Plaintiff's Motion, the Court finds that Plaintiff has not raised any personal or extrajudicial reason as grounds for disqualification. Rather, Plaintiff's Motion includes several pages of unsubstantiated, factually incorrect, and vague claims of Magistrate Judge Patti's rulings and courtroom proceedings in this matter. ECF No. 50, PageID.512–18. For example, Plaintiff accuses Magistrate Judge Patti of filing a Report and Recommendation "without reading the case or [p]ay[ing] attention to detail." *Id.* at PageID.513. To the contrary, Magistrate Judge Patti's August 11, 2020 Report and Recommendation provides, in great detail and over the course of thirteen pages, why he recommended the Court deny Plaintiff's Motion for Sanctions under Federal Rule of Civil Procedure 11(c)(4). ECF No. 49.

To provide one other example, Plaintiff curiously accuses Magistrate Judge Patti of excluding information from him for the July 31, 2020 hearing. *See* ECF No. 50, PageID.513. A review of this matter's docket entries reveal that Plaintiff was on notice that this hearing would involve multiple motions and would be conducted via Zoom videoconferencing as early as July 7, 2020. *See* ECF No. 34. Indeed, in an Order Denying Plaintiff's Motion for Clarification Regarding Motion to Withdraw Count II (LR 7.1), and to Postpone the Hearing on July 31, 2020, which the Court received a mere twenty-four hours before the scheduled hearing, Magistrate Judge Patti explained, again, in great detail, that the hearing was to occur via Zoom videoconferencing. ECF No. 43, PageID.469. Issuing the substantive order ahead of the scheduled hearing, despite receiving Plaintiff's Motion only the day before, Magistrate Judge Patti provided Plaintiff the opportunity to make arrangements to proceed via telephone if necessary. *Id.* Plaintiff did not appear for the hearing and continues to curiously assert that he could not "drive [his] car to the court" in his present Motion. ECF No. 50, PageID.513. In sum, Plaintiff fails to meet his burden to justify Magistrate Judge Patti's disqualification in light of these averments.

The Court also takes notice of Plaintiff's citations to other *pro se* cases before Magistrate Judge Patti. *Id.* at PageID.506. Plaintiff cites to these cases to support his argument that a bias exists against *pro se* plaintiffs in civil rights cases brought under 42 U.S.C. § 1983. *Id.* at PageID.507–08. Plaintiff provides no other

information besides case numbers and case names for this conclusory argument. Without more detail, this Court will not entertain such conclusory allegations. Additionally, the Court reiterates that "opinions formed by the judge on the basis of … *prior proceedings*, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555 (emphasis added).

In sum, Plaintiff's request for the disqualification of Magistrate Judge Patti is baseless, as it involves the actions of Magistrate Judge Patti in a pending suit. *Youn*, 324 F.3d at 423. Accordingly, the Court finds that Plaintiff also cannot seek relief under 28 U.S.C. § 455(a), (b)(1).[2]

As a final matter, the Court will address Plaintiff's request for the Court to appoint him an attorney. ECF No. 50, PageID.508, 520. While Plaintiff is entitled to proceed in this matter without payment of the filing fee, he is not entitled to the appointment of counsel. The "appointment of counsel in a civil case is a privilege and not a constitutional right. It should be allowed in civil actions only in exceptional cases." *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). The Sixth Circuit has explained,

---

[2] The Court takes notice that Plaintiff's requested relief also includes an Order disqualifying "*all* judges and Magistrate Judges." ECF No. 50, PageID.508 (emphasis added). Plaintiff fails to provide authority or any specific facts to which could warrant this expansive relief. The Court thus denies this requested relief.

> [i]n determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F. 2d 601, 605 (6th Cir. 1993) (internal citations and quotations omitted); *see also Henry v. Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985) ("[T]he district courts, in considering an application for appointment of counsel, should at least consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit."). A review of Plaintiff's case demonstrates that he has failed to meet his burden in showing that this is an exceptional case warranting the appointment of counsel. The Court also takes notice that Plaintiff did not make a request for counsel in his initial application to the Court in November 2019.

Accordingly, the Court will also deny Plaintiff his requested relief as it relates to the appointment of counsel.

### IV. CONCLUSION

For the reasons articulated above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Recusal/Disqualifying of All the Judges & Magistrate Judges Pursuant to 28 U.S.C. §§ 144, 455 (b)(1) and 455(a) [#50] is **DENIED**.

**IT IS SO ORDERED.**

Dated:       December 15, 2020

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Raafat Elsisy on December 15, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager