UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAAFAT ELSISY,

Plaintiff,

v.

CITY OF KEEGO HARBOR, ET AL.,

Defendants.
_____/

Case No. 19-cv-13346

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT [#71]

### I. INTRODUCTION

On November 13, 2019, Plaintiff Raafat Elsisy ("Plaintiff"), proceeding without the assistance of counsel, filed his Complaint against Defendants City of Keego Harbor and its Code Enforcement Officer David McDonald (together, "Defendants"). Plaintiff filed a First Amended Complaint thereafter. ECF No. 17.

On March 9, 2021, the Court accepted and adopted Magistrate Judge Anthony P. Patti's Report and Recommendation (ECF No. 60) and accordingly granted Defendant's Motion to Dismiss (ECF No. 25) and denied Plaintiff's Motion for Sanctions (ECF No. 39). ECF No. 69. In its Order, the Court denoted that neither party filed objections to the Report and Recommendation. *Id.* at PageID.69. Approximately one month later, Plaintiff filed his present Motion for Relief from

1

Final Judgments Under Rule 60(b)(1). ECF No. 71. Defendants filed a Response on April 20, 2021. ECF No. 72. Plaintiff filed an untimely Reply on May 4, 2021. *See* E.D. Mich. L.R. 7.1(e)(1)(B). ECF No. 73.

Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Plaintiff's Motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will **DENY** Plaintiff's Motion for Relief from Final Judgments Under Rule 60(b)(1) [#71].

## II. FACTUAL & PROCEDURAL BACKGROUND

Magistrate Judge Patti set forth this case's relevant background in the February 3, 2021 Report and Recommendation:

A. Background

1. Factual Background

Plaintiff Raafat Elsisy, proceeding *in pro per*, filed the instant action against Defendants the City of Keego Harbor (the City) and Code Enforcement Officer David McDonald (McDonald) on November 13, 2019 (ECF Nos. 1, 2, 6), and a first amended complaint thereafter, claiming violations of his Fourth and Fourteenth Amendment rights related to Defendants' issuance of ordinance citations (ECF No. 17).1 The underlying facts, as alleged and taken as true for purposes of this motion, are as follows.

Plaintiff has parked in the driveway of his Keego Harbor home a Mercedes, a Hummer, a van, and a boat. (ECF No. 17, PageID.70-72, ¶¶ 23, 32.) In March of 2019, Plaintiff received a notice signed by McDonald asking that he correct two ordinance violations regarding the hazardous steps leading to his front door and the non-operational

Hummer parked in his driveway by April 4, 2019. (ECF No. 17, PageID.66, 70, ¶¶ 4, 24; *see also* Exhibit 2 to Defendants' Motion to Dismiss, ECF No. 25-3.) When Plaintiff called McDonald in April to discuss the notice, McDonald asked if the Hummer was running, and directed Plaintiff to repair the middle step leading to his front door. (ECF No. 17, PageID.70, ¶ 25.) During that conversation, McDonald noticed Plaintiff's accent, which is "noticeable even to kids," and Plaintiff "laughed" and explained where he was from originally. (ECF No. 17, PageID.70-71, ¶ 28.) McDonald gave plaintiff an extension to effect the repairs by the end of April "due to bad weather." (ECF No. 17, PageID.70, ¶ 25.)

In a second notice dated May 6, 2019, Plaintiff was given until May 15, 2019, to repair his front steps and to repair or remove all non-operational vehicles in the driveway. (ECF No. 17, PageID.71, ¶ 29; *see also* Exhibit 3 to Defendants' Motion to Dismiss, ECF No. 25-4.) However, when McDonald called again that month to inquire about the registration status of the vehicles, Plaintiff covered the van and Hummer license plates with a tarp so that they could not be seen. (ECF No. 17, PageID.71-72, ¶¶ 31-32.)

In September 2019, Plaintiff confronted McDonald when he noticed him looking into his house and traversing the "curtilage" area without permission, in response to which McDonald claimed to be investigating a neighbor's complaint regarding the van. (ECF No. 17, PageID.72, ¶¶ 33-34.) Ultimately, Defendants cited Plaintiff for violations of sections 302.1, 304.1, and 302.8 of the International Property Maintenance Code (IPMC) on October 2, 2019, stating, "property presents blight appearance," "front steps require repair," and "vehicle not operational or properly licensed." (ECF No. 17, PageID.73, ¶ 36; *see also* Exhibit 6 to Defendants' Motion to Dismiss, ECF No. 25-7.)

When Plaintiff called for clarity regarding the citations, McDonald mocked Plaintiff's accent and indicated that he knew all of the judges in the 48th district court, where Plaintiff's ordinance citation hearing would be held. (ECF No. 17, PageID.73-74, ¶¶ 38-40.) That hearing was originally scheduled for October 23, 2019, but adjourned to November 13, 2019, in light of Plaintiff's representations on the morning of the hearing that he came down with food poisoning. (ECF No. 17, PageID.77-78, ¶¶ 57-60.) Ultimately, however,

3

the City dismissed Plaintiff's case without prejudice, pending resolution of the instant action. (ECF No. 25, PageID.222.)

On the basis of the above, Plaintiff asserts:

> Defend[ant] Mr. David McDonald, Keego Harbor municipal employee as the Code enforcement officer, oppress[ed], caused and intentionally subjected [him] to deprivation of [his] constitutional rights. Keego Harbor municipal policy/custom was the moving force behind the deprivation of my constitutional rights, the actual cause of [his] physicals/emotional damages, as a result of the actions and inactions of the defendants, all of whom at all times were acting under color of law within the course and scope of their employment, in violation of [his] civil rights under 42 u.s.c. § 1983.

(ECF No. 17, PageID.68, ¶ 12.) Specifically, Plaintiff claims that: (1) McDonald, in order to ticket Plaintiff for unlicensed vehicles, must have entered the "curtilage" of his home without permission and removed the tarp covering the van and Hummer license plates in violation of his Fourth Amendment right to be free from an unlawful search (ECF No. 17, PageID.66-67, 91-94, 106-108, ¶¶ 6-7, 105-112, 177-182); (2) he received three vague ordinance citations, one as a result of IPMC 302.8, which is itself unconstitutionally vague, in violation of his Fourteenth Amendment due process rights (ECF No. 17, PageID.67, 93-94, 98-101, ¶¶ 8, 11, 112, 132-149): (3) Defendants violated his Fourteenth Amendment equal protection rights by issuing him, but not his neighbors with property in worse in condition, ordinance citations (ECF No. 17, PageID.67, 95-98, 103-105, ¶¶ 9, 119-131, 165-170); (4) he was denied access to the district court in violation of his Fourteenth Amendment due process rights (ECF No. 17, PageID.67, 94-95, 105-106, ¶¶ 10, 113-118, 171-176); and (5) all of the constitutional violations were the result of a money-making scheme by the City to target residents for ordinance violations (ECF No. 17, PageID.83-91, ¶¶ 77-104).

Plaintiff has since filed several motions with the Court, including two motions for Rule 11 sanctions (ECF Nos. 29, 30), an additional motion for sanctions (ECF No. 39), a motion to set aside the Court's orders following the filing of the discovery plan (ECF No. 28), and a motion

> to withdraw one of his claims (ECF No. 36).2 Defendants, for their part, filed a motion to dismiss (ECF No. 25) and a motion to stay discovery (ECF No. 26). On July 31, 2020, I held a hearing on these motions by Zoom videoconference technology, which Plaintiff failed to attend, and took the motion to dismiss (ECF No. 25), and third motion for sanctions (ECF No. 39) under advisement. Each will be addressed below in this report and recommendation.
>
> 2. Instant Motion
>
> Defendants filed an answer to Plaintiff's amended complaint on April 1, 2020 (ECF No. 19), but subsequently filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on May 26, 2020, asserting that McDonald is entitled to qualified immunity from Plaintiff's Fourth Amendment and equal protection claims, and that Plaintiff failed to plead cognizable due process and municipal liability claims (ECF No. 25, PageID.211, 217, 224-238).
>
> Despite the Court's order that Plaintiff respond to Defendants' motion to dismiss by June 29, 2020 (ECF No. 27), Plaintiff failed to file a response, instead filing a motion for sanctions pursuant to 18 U.S.C. § 1001 against Defendants' counsel Marcelyn A. Stepanski on July 16, 2020, in which he cursorily addresses the merits of Defendants' motion to dismiss and argues that Ms. Stepanski should be sanctioned for false statements made therein (ECF No. 39). Defendants filed their response in opposition to that motion on July 30, 2020. (ECF No. 42.)

ECF No. 60, PageID.582–87. On March 9, 2021, the Court accepted and adopted the Report and Recommendation as this Court's findings of fact and conclusions of law. ECF No. 69.

In his present Motion, Plaintiff seeks relief from the judgment in Defendants' favor, pursuant to Federal Rule of Civil Procedure 60(b)(1), asserting that Defendants' Motion to Dismiss (ECF No. 25) should have been analyzed under Federal Rule of Civil Procedure 56. ECF No. 71. According to Plaintiff, "there is a

5

mistake of applying [Rule] 12(c) but there is a genuine dispute of material fact on all counts[.]" *Id.* at PageID.679.

Defendants oppose Plaintiff's requested relief on several grounds. ECF No. 72. First, Defendants argue that Plaintiff's Motion should be denied based on Plaintiff's failure to comply with the Local Rules and Magistrate Judge Patti's August 5, 2020 Order (ECF No. 44), which specifically instructed the parties to seek and obtain leave of Court before filing any future motions. *Id.* at PageID.772–73. Second, Defendants contend that Plaintiff is improperly using the present Motion to correct his prior decision to not respond to their Motion to Dismiss (ECF No. 25) or object to Magistrate Judge Patti's February 3, 2021 Report and Recommendation (ECF No. 60). *Id.* at PageID.775. Third, Defendants assert that there is no substantive mistake of law or fact in the Report and Recommendation to seek relief from judgment under Rule 60(b)(1). *Id.* at PageID.778–79.

Plaintiff filed an untimely Reply on May 4, 2021. ECF No. 73. While the Court denotes Plaintiff's untimely efiling, it recognizes that Plaintiff is proceeding in this matter pro per. The Court will consider Plaintiff's Reply for the sake of the present Motion's full consideration.

### III. LEGAL STANDARD

Federal Rule 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party … from a final judgment, order, or proceeding for

6

… mistake, inadvertence, surprise, or excusable neglect ….." Fed. R. Civ. P. 60(b)(1). This rule offers relief when a movant establishes clear and convincing evidence of a mistake. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). A Rule 60(b) motion is intended to provide relief in two instances: "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (citation omitted). The Sixth Circuit has established that "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

### IV. ANALYSIS

In arguing this Motion, Plaintiff claims that the Magistrate Judge Patti, and then this Court in adopting the February 3, 2021 Report and Recommendation, erred in granting summary judgment in Defendants' favor because there is a genuine dispute of material fact on all of his presented counts. ECF No. 71, PageID.679. He contends that Defendants' Motion to Dismiss should have been analyzed under Rule 56, rather than Rule 12(c). *Id.* at PageID.706; ECF No. 73, PageID.826. As indicated above, Defendants present several arguments in opposing Plaintiff's requested relief. The Court will address each argument in turn.

7

Defendants first argue that Plaintiff's Motion should be denied on procedural grounds. ECF No. 72, PageID.772. Specifically, Defendants contend that Plaintiff defied Magistrate Judge Patti's prior instruction for the parties to obtain leave of Court before filing future motions. *Id.* at PageID.773. At the conclusion of his August 5, 2020 Order, Magistrate Judge Patti ordered:

> [T]he parties shall not file any additional motions without leave of Court to do so. If a party believes it is necessary to file an additional motion, that party must file a letter addressed to the Court, of no more than one page, outlining the dispute and the attempts to resolve it. Opposing counsel my file a response to the letter, of no more than one page. There will be a three-day deadline for the responding letter.

ECF No. 44, PageID.475. Importantly, Magistrate Judge Patti placed the parties on notice that the Court "expects adherence" to the Federal Rules of Civil Procedure, the Local Rules of this Court, and his Practice Guidelines throughout this litigation. *Id.*

In his Reply, Plaintiff first asserts that "[n]o concurrence [is] needed to file" his present Motion. ECF No. 73, PageID.826. Plaintiff does not cite to any Local Rule or case law, controlling or otherwise, to support his contention that he need not seek concurrence for his present Motion. As to Defendants' argument that Plaintiff failed to obtain leave of Court, Plaintiff contends that Magistrate Judge Patti's Order does not apply since his present Motion was presented to this Court. *Id.* at PageID.828.

As this Court recently explained,

8

> The Sixth Circuit has held that "[m]atters of docket control and discovery are within the sound discretion of the district court." *Jones v. Northcoast Behav. Healthcare Sys.*, 84 F. App'x 597, 599 (6th Cir. 2003). Moreover, the Sixth Circuit has determined that a district court "does not have to accept every filing submitted by a party." *Id.* This Court's Practice Guidelines require "strict compliance with Local Rules 5.1 and 7.1" for all motions. Local Rule 7.1(a)(1) provides that a movant must ascertain whether the contemplated motion will be opposed. If a movant does not ascertain this information, the motion must specify why concurrence was not obtained according to Local Rule 7.1(a)(2).

*Acceptance Indem. Ins. Co. v. Shepard*, No. 19-cv-12777, 2021 WL 1087416, at *6 (E.D. Mich. Mar. 22, 2021). Upon review of Plaintiff's present Motion, it is clear Plaintiff failed to comply with the aforementioned Local Rules and with Magistrate Judge Patti's specific instruction to seek leave of Court. The Court recognizes that Plaintiff is proceeding in this matter pro per and he will thus continue to be held to a less stringent standard than are formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1976). The Court does emphasize, however, that Plaintiff was specifically warned several months prior to his present filing that the Court expected adherence to the Local Rules, as well as its Orders, throughout the litigation. ECF No. 44, PageID.475. Contrary to Plaintiff's assertion in his Reply, ECF No. 73, PageID.828, this instruction was not limited to Magistrate Judge Patti's Orders. The Court could thus deny Plaintiff's present Motion on such procedural grounds. In light of Plaintiff's pro per status, and out of an abundance of caution, the Court declines to do so at this juncture. The Court will instead proceed to the

9

merits of Plaintiff's Motion, and Defendants' remaining arguments in opposition to the requested relief, below.

Defendants next argue that Plaintiff's Motion should be denied because of Plaintiff's improper motive. ECF No. 72, PageID.775. Specifically, Defendants contend that "Plaintiff's apparent motive for filing this instant motion seems to be that he failed at every juncture to oppose Defendants' Motion to Dismiss." *Id.* at PageID.777. Defendants argue that the present Motion "resembles an untimely objection to the Magistrate Judge's recommendation" to grant their Motion or "an appeal from the Court's decision to adopt the recommendation, as evidenced by the fact that he now wishes to have the Court consider fifteen exhibits that he has attached to this motion." *Id.* In sum, Defendants ask the Court to not permit Plaintiff another chance to recast his claims through Rule 60(b) for a second review of his case. *Id.* at PageID.778.

In support of their argument, Defendants cite to the Sixth Circuit's decision in *Broach v. City of Cincinnati*, 244 F. App'x 729, 730 (6th Cir. 2007). In *Broach*, the Sixth Circuit upheld the district court's denial of plaintiffs' Rule 60(b) motion, finding that the motion "more closely resemble[d] a substitute for an appeal, as Plaintiffs point to no excusable mistakes and no legal or factual error in the district court's final order." *Id.* at 734 (internal quotation marks omitted). The Sixth Circuit

highlighted plaintiffs' failure to respond to defendants' motion for summary judgment while having clear notice of the modified schedule.  *Id.* at 734–35.

While the Court disagrees with Defendants that the *Broach* decision is "directly on point," ECF No. 72, PageID.775, especially since plaintiffs in that case were represented by counsel, the Court finds that the decision is helpful in resolving the present Motion.  In *Broach*, the Sixth Circuit emphasized that Rule 60 was not intended to relieve a party from the consequences of "decisions deliberately made" during litigation.  *Id.* at 735.  Here, Plaintiff continuously defied extended deadlines and Court orders to oppose Defendants' Motion to Dismiss.  The Court first looks to Magistrate Judge Patti's February 3, 2021 Report and Recommendation, which details Plaintiff's lack of response to Defendants' Motion to Dismiss (ECF No. 25).  ECF No. 60, PageID.592.  Magistrate Judge Patti denoted that he ordered Plaintiff to file a response to Defendants' then-pending motion on or before June 29, 2020 (ECF No. 27).  *Id.*  Despite this Court-ordered deadline, which provided Plaintiff several additional days from the original June 16, 2020 deadline pursuant to E.D. Mich. L.R. 7.1(e)(1)(B), Plaintiff did not oppose the motion.  *Id.*  Rather, Plaintiff filed a Motion for Sanctions (ECF No. 39).  *Id.*

Moreover, the Court notes that Plaintiff failed to appear for a hearing on Defendants' Motion to Dismiss, which Magistrate Judge Patti conducted on July 31, 2020 via videoconference technology.  As Magistrate Judge Patti detailed in his

February 3, 2021 Report and Recommendation, Plaintiff sought adjournment of this hearing the day before it was scheduled. *Id.* at PageID.586 n3. Importantly, Magistrate Judge Patti highlighted Plaintiff's evolving reasons for not attending the scheduled hearing. *Id.*

Lastly, the Court emphasizes that Plaintiff failed to file objection(s) to the aforementioned Report and Recommendation. On February 17, 2021, the Court provided Plaintiff with additional time to file any objection(s), but warned that there would be no further adjournments. At approximately 11:00 p.m. on February 26, 2021, the new deadline to file such objection(s), Plaintiff filed another request for an additional extension of time. ECF No. 62. In its March 1, 2021 Order, the Court determined that Plaintiff did not establish good cause to grant such an additional request for extension of time. *Id.* at PageID.629. The Court subsequently denied Plaintiff's Motion to Reconsider this denial, ECF No. 65, and Plaintiff's Third Motion for Extension of Time, ECF No. 68. In these Orders, the Court highlighted that it has granted Plaintiff extensions of time on multiple occasions throughout this litigation. *See, e.g.*, ECF No. 68, PageID.672.

This procedural history demonstrates that Plaintiff failed to oppose Defendants' Motion to Dismiss (ECF No. 25) despite having several opportunities to do so before the Court issued a final judgment in Defendants' favor on March 9, 2021. ECF No. 70. As Defendants correctly note in their Response, the Sixth Circuit

has held that *pro se* litigants are not afforded special consideration when failing to adhere to readily comprehendible court deadlines. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). In *Jourdan*, the Sixth Circuit explained that "although *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* Here, Plaintiff was on notice of (1) the Court-ordered deadline to file a Response by June 29, 2020; (2) the hearing on Defendants' Motion to Dismiss; and (3) the Court-ordered deadline to file objection(s) to the February 3, 2021 Report and Recommendation by February 26, 2021.

In sum, the Court finds that Plaintiff's present Motion is an improper attempt to obtain a second chance at review of the Court's decision to grant Defendants' Motion to Dismiss, which was unopposed and not objected to until approximately one month after the final judgment. *See Kelly v. Hoffner*, No. 16-1743, 2017 WL 6003435, at *2 (6th Cir. Mar. 6, 2017). Accordingly, the Court declines to afford Plaintiff an additional opportunity to recast his claims through this Rule 60(b) Motion. *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Even if the Court determined that Plaintiff could recast his claims through his present Motion, the Court would still find that Plaintiff's Motion should be denied

13

on the merits. As indicated above, Rule 60(b)(1) is intended to provide relief either (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order. *Cavevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (citation omitted). In his Motion, Plaintiff argues that Magistrate Judge Patti erred in applying Rule 12(c), rather than Rule 56, when resolving Defendants' Motion to Dismiss.[1] The Court will thus focus on the latter of the two aforementioned inquiries for a Rule 60(b) motion: whether the judge has made a substantive mistake of law.

Upon careful review of the present briefs, the Court concludes that Plaintiff is not entitled to relief under Rule 60(b)(1) because Magistrate Judge Patti's February 3, 2021 Report and Recommendation, and this Court's adoption of such Report and Recommendation, was not in error. Plaintiff presently relies on Rule 56 in requesting his relief; however, Defendants moved to dismiss the case pursuant to Rule 12(b)(6). Magistrate Judge Patti construed Defendants' Motion to Dismiss under Rule 12(c), where "a party may move for judgment on the pleadings" once

---

[1] The Court takes notice of Plaintiff's several other assertions in his Motion, including a claim that Defendants' counsel had not filed an appearance when she filed the Motion to Dismiss and a reference to the paper used to file a Court order. *See* ECF No. 71, PageID.695. These arguments do not concern any issues of substantive law or fact pursuant to Rule 60(b)(1). The Court will thus focus on Plaintiff's argument related to Rule 12(c).

"the pleadings are closed." *See* ECF No. 60, PageID.588 ("[T]he appropriate rule under which to bring [the] motion is Fed. R. Civ. P. 12(c)."). Before analyzing the merits of Defendants' Motion, Magistrate Judge Patti noted that motions to dismiss under Rule 12(b)(6) and 12(c) are reviewed under the same standard. *Id.* Importantly, Magistrate Judge Patti also noted that his analysis would be limited to Plaintiff's Complaint, any exhibits attached to the Complaint, and exhibits attached to Defendants' Motion so long as they were referenced in the pleadings and were central to Plaintiff's claims. *Id.* at PageID.590.

In making his recommendation, Magistrate Judge Patti relied on Plaintiff's allegations and two exhibits which were referenced in the pleadings: correspondence regarding the violations and the ordinance citations. *See id.* at PageID.599 ("It is clear, both from Plaintiff's allegations, as well as the correspondence and ordinance citations attached to Defendants' Motion to Dismiss and referred to in Plaintiff's amended complaint, that he received more than adequate notice and an opportunity to be heard."). He specifically did not consider any photographs submitted by Defendants, which may have transformed the motion into one for summary judgment pursuant to Rule 56. *Id.* at PageID.590–91.

It is clear that Magistrate Judge Patti carefully analyzed each of Plaintiff's four claims over the span of seventeen pages. *Id.* at PageID.593–609. He set forth the applicable substantive law for each claim, detailed Plaintiff's allegations and

15

Defendants' arguments, and analyzed the claims under the correct standard. The Court then adopted Magistrate Judge Patti's findings and conclusions in its March 9, 2021 Order after providing Plaintiff several opportunities to file objection(s). In his present Motion, Plaintiff does not demonstrate how Magistrate Judge Patti's' Report and Recommendation, or this Court's adoption of such Report and Recommendation, makes a substantive mistake of law or fact sufficient to justify granting his Motion pursuant to Rule 60(b)(1).

Accordingly, the Court will deny Plaintiff his requested relief.

## V. CONCLUSION

For the reasons articulated above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Final Judgments Under Rule 60(b)(1) [#71] is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 16, 2021

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Raafat Elsisy on July 16, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager