UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Raafat Elsisy,

Plaintiff,

v.

CITY OF KEEGO HARBOR and DAVID
MCDONALD,

Defendants.

_____/

Case No. 19-cv-13346

U.S. District Court Judge
Gershwin A. Drain

## OPINION AND ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(1)

### I.  INTRODUCTION

On November 13, 2019, *pro se* Plaintiff Raafat Elsisy initiated this civil rights action against Defendants City of Keego Harbor and its Code Enforcement Officer David McDonald.  ECF No. 1.  Plaintiff then filed a First Amended Complaint on March 18, 2020.  ECF No. 17.  He alleges he was subjected to an unlawful search as well as violations of his rights to due process and equal protection while attempting to resolve municipal code violations on his property.

1

Magistrate Judge Anthony P. Patti issued a Report and Recommendation to grant Defendants' Motion to Dismiss (ECF No. 25) and deny Plaintiff's Motion for Sanctions (ECF No. 39) on February 3, 2021.  ECF No. 60.  The Court accepted and adopted the Report and Recommendation on March 9, 2021.  ECF No. 69.  In its Order, the Court noted that neither party had filed objections to the Report and Recommendation.  *Id.* at PageID.673-74.  Approximately one month later, Plaintiff filed his first Motion for Relief from Final Judgments Under Rule 60(b)(1), arguing Defendants' Motion to Dismiss (ECF No. 25) should not have been granted because a genuine dispute of material fact exists.  ECF No. 71, PageID.703.  The Court denied the motion for several reasons discussed in greater detail below.  ECF No. 74.

Presently before the Court is Plaintiff's "Re-Filing Motion 60(b)(1) for Relief from Final Judgments Because the Court Addressed the Wrong Question of Law" (ECF No. 75) (hereinafter "renewed motion for relief from judgment").  The motion is fully briefed.  ECF Nos. 76, 77.  Upon review of the parties' submissions, the Court concludes oral argument will not aid in the disposition of this matter.  Accordingly, the Court will resolve Plaintiff's motion on the briefs pursuant to E.D. Mich. LR 7.1(f)(2).  For the following reasons, the Court will **DENY** Plaintiff's renewed motion for relief from judgment.

2

## II.   BACKGROUND

Magistrate Judge Patti set forth this case's relevant factual background in his

February 3, 2021 Report and Recommendation:

A. Background

1.  Factual Background

Plaintiff Raafat Elsisy, proceeding *in pro per*, filed the instant action
against  Defendants  the City of Keego Harbor (the City)  and  Code
Enforcement Officer David McDonald (McDonald) on November 13,
2019 (ECF Nos. 1, 2, 6), and a first amended complaint thereafter,
claiming violations of his Fourth and Fourteenth Amendment rights
related to Defendants' issuance of ordinance citations (ECF No.
17). The underlying facts, as alleged and taken as true for purposes of
this motion, are as follows.

Plaintiff has parked in the driveway of his Keego Harbor home a
Mercedes, a Hummer, a van, and a boat. (ECF No. 17, PageID.70-72,
¶¶ 23, 32.) In March of 2019, Plaintiff received a notice signed by
McDonald asking that he correct two ordinance violations regarding the
hazardous steps leading to his front door and the non-operational
Hummer parked in his driveway by April 4, 2019. (ECF No. 17,
PageID.66, 70, ¶¶ 4, 24; *see also* Exhibit 2 to Defendants' Motion to
Dismiss, ECF No. 25-3.) When Plaintiff called McDonald in April to
discuss the notice, McDonald asked if the Hummer was running, and
directed Plaintiff to repair the middle step leading to his front door.
(ECF No. 17, PageID.70, ¶ 25.) During that conversation, McDonald
noticed Plaintiff's accent, which is "noticeable even to kids," and
Plaintiff "laughed" and explained where he was from originally. (ECF
No. 17, PageID.70-71, ¶ 28.) McDonald gave plaintiff an extension to
effect the repairs by the end of April "due to bad weather." (ECF No.
17, PageID.70, ¶ 25.)

In a second notice dated May 6, 2019, Plaintiff was given until May 15,
2019, to repair his front steps and to repair or remove all non-

3

operational vehicles in the driveway. (ECF No. 17, PageID.71, ¶ 29; *see also* Exhibit 3 to Defendants' Motion to Dismiss, ECF No. 25-4.) However, when McDonald called again that month to inquire about the registration status of the vehicles, Plaintiff covered the van and Hummer license plates with a tarp so that they could not be seen. (ECF No. 17, PageID.71-72, ¶¶ 31-32.)

In September 2019, Plaintiff confronted McDonald when he noticed him looking into his house and traversing the "curtilage" area without permission, in response to which McDonald claimed to be investigating a neighbor's complaint regarding the van. (ECF No. 17, PageID.72, ¶¶ 33-34.) Ultimately, Defendants cited Plaintiff for violations of sections 302.1, 304.1, and 302.8 of the International Property Maintenance Code (IPMC) on October 2, 2019, stating, "property presents blight appearance," "front steps require repair," and "vehicle not operational or properly licensed." (ECF No. 17, PageID.73, ¶ 36; *see also* Exhibit 6 to Defendants' Motion to Dismiss, ECF No. 25-7.)

When Plaintiff called for clarity regarding the citations, McDonald mocked Plaintiff's accent and indicated that he knew all of the judges in the 48th district court, where Plaintiff's ordinance citation hearing would be held. (ECF No. 17, PageID.73-74, ¶¶ 38-40.) That hearing was originally scheduled for October 23, 2019, but adjourned to November 13, 2019, in light of Plaintiff's representations on the morning of the hearing that he came down with food poisoning. (ECF No. 17, PageID.77-78, ¶¶ 57-60.) Ultimately, however, the City dismissed Plaintiff's case without prejudice, pending resolution of the instant action. (ECF No. 25, PageID.222.)

On the basis of the above, Plaintiff asserts:

> Defend[ant] Mr. David McDonald, Keego Harbor municipal employee as the Code enforcement officer, oppress[ed], caused and intentionally subjected [him] to deprivation of [his] constitutional rights. Keego Harbor municipal policy/custom was the moving force behind the deprivation of my constitutional rights, the actual cause of [his] physicals/emotional damages, as a result of the actions and inactions of the defendants, all of

4

whom at all times were acting under color of law within the course and scope of their employment, in violation of [his] civil rights under 42 u.s.c. § 1983.

(ECF No. 17, PageID.68, ¶ 12.) Specifically, Plaintiff claims that: (1) McDonald, in order to ticket Plaintiff for unlicensed vehicles, must have entered the "curtilage" of his home without permission and removed the tarp covering the van and Hummer license plates in violation of his Fourth Amendment right to be free from an unlawful search (ECF No. 17, PageID.66-67, 91-94, 106-108, ¶¶ 6-7, 105-112, 177-182); (2) he received three vague ordinance citations, one as a result of IPMC 302.8, which is itself unconstitutionally vague, in violation of his Fourteenth Amendment due process rights (ECF No. 17, PageID.67, 93-94, 98-101, ¶¶ 8, 11, 112, 132-149): (3) Defendants violated his Fourteenth Amendment equal protection rights by issuing him, but not his neighbors with property in worse in condition, ordinance citations (ECF No. 17, PageID.67, 95-98, 103-105, ¶¶ 9, 119-131, 165-170); (4) he was denied access to the district court in violation of his Fourteenth Amendment due process rights (ECF No. 17, PageID.67, 94-95, 105-106, ¶¶ 10, 113-118, 171-176); and (5) all of the constitutional violations were the result of a money-making scheme by the City to target residents for ordinance violations (ECF No. 17, PageID.83-91, ¶¶ 77-104).

Plaintiff has since filed several motions with the Court, including two motions for Rule 11 sanctions (ECF Nos. 29, 30), an additional motion for sanctions (ECF No. 39), a motion to set aside the Court's orders following the filing of the discovery plan (ECF No. 28), and a motion to withdraw one of his claims (ECF No. 36). Defendants, for their part, filed a motion to dismiss (ECF No. 25) and a motion to stay discovery (ECF No. 26). On July 31, 2020, I held a hearing on these motions by Zoom videoconference technology, which Plaintiff failed to attend, and took the motion to dismiss (ECF No. 25), and third motion for sanctions (ECF No. 39) under advisement. Each will be addressed below in this report and recommendation.

2. Instant Motion

5

> Defendants filed an answer to Plaintiff's amended complaint on April 1, 2020 (ECF No. 19), but subsequently filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on May 26, 2020, asserting that McDonald is entitled to qualified immunity from Plaintiff's Fourth Amendment and equal protection claims, and that Plaintiff failed to plead cognizable due process and municipal liability claims (ECF No. 25, PageID.211, 217, 224-238).
>
> Despite the Court's order that Plaintiff respond to Defendants' motion to dismiss by June 29, 2020 (ECF No. 27), Plaintiff failed to file a response, instead filing a motion for sanctions pursuant to 18 U.S.C. § 1001 against Defendants' counsel Marcelyn A. Stepanski on July 16, 2020, in which he cursorily addresses the merits of Defendants' motion to dismiss and argues that Ms. Stepanski should be sanctioned for false statements made therein (ECF No. 39). Defendants filed their response in opposition to that motion on July 30, 2020. (ECF No. 42.)

ECF No. 60, PageID.582–87 (footnotes omitted).

Magistrate Judge Patti construed Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") (ECF No. 25) as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") because Defendants "filed the motion after answering Plaintiff's amended complaint," and "the same standard applies to motions made under either subsection." *Id.* at PageID.588 (internal quotation marks omitted). Further, Magistrate Judge Patti determined the Court could resolve the parties' arguments without considering the photos Defendants attached to their motion that were not referenced in Plaintiff's Amended Complaint, which would have converted the motion into one for summary judgment. *Id.* at PageID.590-91. Moreover,

6

Magistrate Judge Patti recommended the Court conclude Plaintiff failed to state an equal protection claim under the Fourteenth Amendment, *id.* at PageID.594-96, a procedural due process claim under the Fourteenth Amendment, *id.* at PageID.597-601, an unlawful search claim under the Fourth Amendment, *id.* at PageID.601-06, or a due process vagueness claim under the Fourteenth Amendment, *id.* at PageID.606-09. Thus, he recommended the Court grant Defendants' Motion to Dismiss (ECF No. 25). *Id.* at PageID.611. On March 9, 2021, this Court accepted and adopted the Report and Recommendation as the Court's findings of fact and conclusions of law. ECF No. 69.

Plaintiff filed his first Motion for Relief from Final Judgments Under 60(b)(1) on April 6, 2021. ECF No. 71. He argued Defendants should not have brought their Motion to Dismiss (ECF No. 25) pursuant to Rule 12(b)(6) because such motions should be made before pleadings are closed. ECF No. 71, PageID.703. He further stated Rule 12(c) and 56 ("Rule 56") can be used after the close of proceedings but not if a genuine dispute of material fact exists, which Plaintiff averred is the case in this matter. *Id.* However, Plaintiff also asserted Magistrate Judge Patti and the Court made "a mistake [in] applying 12(c)." *Id.* at PageID.679; *see also* ECF No. 73, PageID.826 ("There is a clear mistake, in fact it is a major major mistake, because my case was dismissed under 12(c). However, applying 12(c) by the court was a

7

major mistake, because there is a genuine dispute of material fact on all counts exists.").

The Court denied Plaintiff's motion for several reasons.  ECF No. 74.  First, the Court noted it could deny Plaintiff's motion on procedural grounds because he (1) disregarded Magistrate Judge Patti's August 5, 2020 Order prohibiting the parties from filing additional motions without first obtaining leave of court (ECF No. 44, PageID.475) and (2) failed to comply with Local Rule 7.1(a)(1) and seek concurrence in his requested relief before bringing the motion.  ECF No. 74, PageID.853.  Second, the Court declined to shield Plaintiff from the consequences of "'decisions deliberately made' during litigation."  ECF No. 74, PageID.856 (quoting *Broach v. City of Cincinnati*, 244 F. App'x 729, 735 (6th Cir. 2007)). Specifically, Plaintiff failed both to file a response to Defendants' Motion to Dismiss despite receiving an extended deadline to do so (ECF No. 27) and to appear at the hearing on the motion.  ECF No. 74, PageID.855-57.  Moreover, Plaintiff failed to file objections to Magistrate Judge Patti's Report and Recommendation regarding the motion (ECF No. 60) despite being given additional time past the statutory period provided by Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d) to do so.[1]  ECF No.

---

[1] Plaintiff subsequently filed two motions requesting additional time to file objections (ECF Nos. 62, 66) as well as a motion to reconsider (ECF No. 64), which

8

74, PageID.857.  Because "the Sixth Circuit has held that *pro se* litigants are not afforded special consideration when failing to adhere to readily comprehensible court deadlines," *id.* at PageID.857-58 (citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)), the Court found Plaintiff's motion for relief was "an improper attempt to obtain a second chance at review of the Court's decision to grant Defendants' Motion to Dismiss, which was unopposed and not objected to until approximately one month after the final judgment," *id.* at PageID.858.  Thus, the Court declined to allow Plaintiff "an additional opportunity to recase his claims through th[at] Rule 60(b) Motion." *Id.*

Further, the Court determined Plaintiff's motion should also be denied on the merits because neither Magistrate Judge Patti's Report and Recommendation (ECF No. 60) nor the Court's adoption of said Report and Recommendation (ECF No. 69) included a substantive mistake of law or fact.  ECF No. 74, PageID.859. Specifically, the Court held Magistrate Judge Patti properly construed Defendants' Motion to Dismiss as one brought pursuant to Rule 12(c). *Id.* at PageID.859-60.  In particular, Magistrate Judge Patti *did not* consider any exhibits that were not

---

the Court denied after determining Plaintiff did not establish good cause for the requested extensions (ECF Nos. 63, 65, 68).

9

referenced in the pleadings, so it would have been improper to analyze Defendants'
motion using the Rule 56 "genuine dispute of material fact" standard. *See id.*

Plaintiff subsequently filed the instant renewed motion for relief from
judgment (ECF No. 75). He argues, among other things, that the intent of his first
motion for relief from judgment (ECF No. 71) was not to argue the Court should
have analyzed Defendants' Motion to Dismiss (ECF No. 25) under the Rule 56
standard. ECF No. 75, PageID.873-74. Instead, he contends Defendants' motion
was improperly granted under Rule 12(c) because there is a genuine dispute issue of
material fact. *Id.*

Defendants counter that dismissal was proper because "Plaintiff's allegations
failed to adequately plead the purported violations." ECF No. 76, PageID.888.
Further, Defendants aver the standard by which to analyze a motion for judgment on
the pleadings under Rule 12(c) is the same as the standard for a motion to dismiss
pursuant to Rule 12(b)(6). *Id.* at PageID.889. It is only when evidence outside the
pleadings is considered, they argue, that the motion should be construed as one for
summary judgment. *Id.* Finally, Defendants note, "Plaintiff offers no authority for
filing serial motions for relief from judgment." *Id.*

In Reply, Plaintiff asserts he has presented a "pure question of law" that "does
not require the Court to consider any factual allegations." ECF No. 77, PageID.893.

10

Specifically, Plaintiff asks whether a motion under Rule 12(c) can be granted where there is a genuine dispute of material fact.  *Id*.

### III.   NON-RULE 60(B)(1) MATTERS

Like he did in his first motion for relief from judgment (ECF No. 71), Plaintiff makes several assertions that do not concern issues of substantive law or fact which can be addressed in a Rule 60(b)(1) motion.  *See generally* ECF No. 75.  In the interest of alleviating some of Plaintiff's confusion and frustration, the Court will address the most serious allegations even though *they are not relevant to resolving the instant motion*.

Plaintiff claims the Court is "trying to put [him] on the spot" for not seeking concurrence in his first Motion for Relief from Final Judgments Under 60(b)(1) (ECF No. 71).  ECF No. 75, PageID.863.  Specifically, Plaintiff seemingly argues that either Local Rule 7.1(a)(1) or the list of motions to which it applies is not available online.  *Id*.  As Defendants point out, the Local Rules are available via the website for the United States District Court for the Eastern District of Michigan at https://www.mied.uscourts.gov/PDFFIles/localRulesPackage.pdf.  Additionally, for Plaintiff's future reference, Local Rule 7.1(a)(1) applies to all motions.

Moreover, the Court explicitly *did not* deny Plaintiff's first motion for relief from judgment (ECF No. 71) on procedural grounds such as his failure to seek

11

concurrence; it merely recognized that it could have.[2]  ECF No. 74, PageID.854-55

("The Court could thus deny Plaintiff's present Motion on such procedural grounds.

In light of Plaintiff's pro per status, and out of an abundance of caution, the Court

declines to do so at this juncture.  The Court will instead proceed to the merits of

Plaintiff's Motion, and Defendants' remaining arguments in opposition to the

requested relief, below.").

Plaintiff also raises several complaints regarding Magistrate Judge Patti's role

and actions in this matter.  Specifically, Plaintiff asserts Magistrate Judge Patti

lacked the authority to issue a scheduling order regarding Defendants' Motion to

Dismiss, did not provide him with adequate notice of the hearing on the motion,

mischaracterized how many motions Plaintiff has filed in this matter, and lacked the

authority to require him to obtain leave of Court to file additional motions.  ECF No.

75, PageID.863-65.

---

[2] The Court also notes Plaintiff similarly failed to seek concurrence when filing his
Motion to Withdraw Count II: Violation of the 14th Amendment Due Process Clause
without Prejudice, under Rule 41(a)(2) (ECF No. 36).  In a subsequent Motion for
Clarification, Plaintiff stated he "did some research on the failure to seek
concurrence" pursuant to Local Rule 7.1 and went on to quote the Rule in its entirety.
ECF No. 41, PageID.451, PageID.454.  Notably, this incident occurred *after*
Magistrate Judge Patti informed Plaintiff that he is "required to follow the Federal
Rules of Civil Procedure and the Eastern District of Michigan Local Rules
throughout the litigation process."  ECF No. 21, PageID.163.  Thus, Plaintiff was
already on notice regarding the need to seek concurrence prior to filing his Rule
60(b) motion.

12

Pursuant to 28 USC § 636(b)(1)(B), "a judge may . . . designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)." These motions include motions for judgment on the pleadings under Rule 12(c) and motions to dismiss under Rule 12(b)(6). 28 USC § 636(b)(1)(A). Additionally, "[e]ach district court shall establish rules pursuant to which the magistrate judges shall discharge their duties." 28 USC § 636(b)(4). The United States District Court for the Eastern District of Michigan permits magistrate judges to, among other things, "(D) exercise general supervision of civil and criminal calendars, . . . [and] (T) perform any additional duties not inconsistent with the Constitution and laws of the United States." E.D. Mich. LR 72.1(a)(2). Accordingly, Magistrate Judge Patti had the authority to both order that Plaintiff respond to Defendants' Motion to Dismiss (ECF No. 25) by a certain date and hear the motion so that he could make a recommendation to the Court.

Moreover, Plaintiff received adequate notice of the hearing. On July 7, 2020, Magistrate Judge Patti provided notice that a hearing on Defendants' Motion to Dismiss (ECF No. 25), Defendants' Motion to Stay (ECF No. 26), Plaintiff's Motion to Set Aside (ECF No. 28) and Plaintiff's Motion for Sanctions (ECF No. 29) would be held on July 31, 2020 via video conference. ECF No. 34. On July 13, 2020,

13

Magistrate Judge Patti issued a text-only notice that Plaintiff's Motion to Withdraw Count II (ECF No. 36) would also be heard during the July 31st hearing. The day before the hearing, Plaintiff filed a motion asking to postpone the hearing because his car was not safe to drive to Detroit. ECF No. 41, PageID.452. Magistrate Judge Patti denied the request because there was "no need for Plaintiff to drive to Detroit in light of the fact that the hearing has long been set to occur through Zoom." ECF No. 43, PageID.469. Plaintiff avers he received notice of the hearing just two hours before it began and thus slept through the hearing. ECF No. 75, PageID.864-65. However, his assertion is belied by the fact that he filed a request to postpone the hearing the day before it occurred. As, Plaintiff has not indicated he was unable to access a computer or the internet, the Court must determine Plaintiff knew of the Zoom hearing with sufficient time to attend if he had chosen to do so; it is not Magistrate Judge Patti's fault that he chose to sleep instead.

Plaintiff contends he has filed only five motions since the Court referred pretrial matters to Magistrate Judge Patti (ECF No. 18), so it was a "violation of his due process rights" and "will[ful] false statement of fact" to indicaate he had filed numerous motions. ECF No. 75, PageID.865. This is false. Between March 19, 2020 when the Court issued its order referring pretrial matters and February 3, 2021 when Magistrate Judge Patti issued his Report and Recommendation stating Plaintiff

14

had filed "several motions with the Court," ECF No. 60, PageID.586, Plaintiff filed thirteen motions. These included a now-stricken Motion for Sanctions (ECF No. 22), a motion to amend the motion for sanctions (ECF No. 23), a Motion to Set Aside (ECF No. 28), another Motion for Sanctions (ECF No. 29), an Appeal of Magistrate Judge Decision (ECF No. 33), a Motion to Withdraw Count II (ECF No. 36), yet another Motion for Sanctions (ECF No. 39), a Motion for Clarification (ECF No. 41), an Emergency Letter (ECF No. 47), a Motion to Disqualify Judge (ECF No. 50), a Motion for Extension of Time (ECF No. 55), a Second Motion for Extension of Time (ECF No. 56), and another Motion for Extension of Time (ECF No. 57). Thus, Magistrate Judge Patti's characterization was accurate and possibly an understatement.

Finally, Plaintiff claims Magistrate Judge Patti "blocked" him from accessing the court by "inevent[ing] a new law[,] which is void on its face," by requiring him to obtain leave of Court before filing additional motions. ECF No. 77, PageID.894. However, given that Plaintiff is a frequent filer, it was Magistrate Judge Patti's prerogative to restrict Plaintiff's future filings. *See Tippins v. Caruso*, No. 17-1508, 2020 WL 11686682, at *1 (6th Cir. Oct. 1, 2020) (enjoining plaintiff from future filings because he "has displayed a pattern of repetitive, frivolous, and vexatious litigation in this court"), *cert. denied,* 141 S. Ct. 1399 (2021); *see also Feathers v.*

15

*Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.").

## IV.    RULE 60(B)(1) LAW & ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 60(b)(1) ("Rule 60(b)(1)") provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . ."  To obtain relief, the movant must demonstrate clear and convincing evidence of a mistake. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).  Rule 60(b)(1) provides relief in two instances: "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (citation omitted).  The Sixth Circuit has established that "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

16

**B. Discussion**

As a threshold matter, the Court notes the procedural deficiencies with Plaintiff's instant motion.  First, Plaintiff has again disregarded Magistrate Judge Patti's August 5, 2020 Order prohibiting the parties from filing additional motions without first obtaining leave of court (ECF No. 44, PageID.475).  As discussed above, despite his assertions otherwise, Plaintiff is indeed subject to that proscription.  Second, Plaintiff has not provided any authority for filing successive motions for relief from judgment.  Nor has the Court found support for doing so outside the habeas corpus context.  Nevertheless, the Court will *not* deny Plaintiff renewed motion for relief from judgment (ECF No. 75) on this basis and will proceed to address Plaintiff's motion on the merits.

Plaintiff argues the Court made a "substantive mistake of law" by dismissing the Amended Complaint pursuant to Rule 12(c) when there is a genuine dispute of material fact, as Plaintiff asserts is the case here.  *See* ECF No. 75, PageID.874; ECF No. 77, PageID.895.

The Court finds that no substantive mistake of law occurred.  In this instance, it is irrelevant whether a genuine dispute of material fact exists because both Magistrate Judge Patti and this Court assumed for the purposes of the Rule 12(c)

17

analysis that Plaintiff's allegations were true.[3]   *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) ("For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.").   Magistrate Judge Patti explicitly stated he "construe[d] the complaint in the light most favorable to the plaintiff and accept[ed] all allegations as true."   ECF No. 60, PageID.588-89. Moreover, the Court adopted his analysis.   ECF No. 69, PageID.674.

Even "accepted as true," Plaintiff's complaint did not "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   The Sixth Circuit has explained that to survive a Rule 12(c) motion, the complaint need not contain "specific facts," but it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," and the "[f]actual allegations must be enough to raise a right to relief beyond the speculative level."   *Tucker*, 539 F3d at 550 (quoting *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008)).   Magistrate Judge Patti thoroughly explained why Plaintiff's allegations do not meet that low bar and

---

[3] Because both Magistrate Judge Patti and the Court took Plaintiff's allegations as true in resolving Defendants' motion, the Court declines to determine at this time whether there is, in fact, a genuine dispute of any material fact.

18

Defendants are "clearly entitled to judgment," *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007), in his Report and Recommendation, ECF No. 60, PageID.593-609, and the Court adopted his findings of fact and conclusions of law, ECF No. 69, PageID.674.

The cases Plaintiff cited in support of his proposition compel the same conclusion: a complaint must meet the plausibility pleading standard to survive a motion for judgement on the pleadings. In *Tucker*, the plaintiff sued her former employer for wrongful termination after an approved medical leave in violation of the Family and Medical Leave Act ("FMLA"). 539 F3d at 546-47.  Like what happened here, "the magistrate judge issued a [r]eport and [r]ecommendation, concluding, in pertinent part, that plaintiff failed to allege adequately a violation of FMLA regulations." *Id.* at 548.  The district court adopted the magistrate judge's recommendation to grant the defendants' motion for judgment on the pleadings and dismissed the amended complaint. *Id.* at 549.  The Sixth Circuit held "the district court properly determined that [the plaintiff] had not adequately pleaded a violation of the FMLA notice requirements, as set forth in § 825.301, that deprived her of entitlement to job reinstatement following her FMLA leave" and thus affirmed the dismissal. *Id.* at 551.

19

Similarly, in *Turner v. Cook*, the district court dismissed the plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") because they "had failed to allege any threat of continuing illegal activity, which is required to establish a pattern of racketeering." 362 F.3d 1219, 1225 (9th Cir. 2004). The Ninth Circuit affirmed, finding the plaintiffs "failed to aver that the alleged acts of mail fraud, wire fraud and obstruction of justice had the requisite continuity" and therefore "did not sufficiently allege a 'pattern of racketeering activity.'" *Id.* at 1231.

The remaining two cases are inapposite. In *Baraga Prod., Inc. v. Comm'r of Revenue*, the court considered matters outside the pleadings and thus converted the motion for judgment on the pleadings under Rule 12(c) to a motion for summary judgment under Rule 56. 971 F. Supp. 294, 295 (W.D. Mich. 1997) ("[T]he exhibits plaintiff has attached to its motion for judgment on the pleadings are 'matters outside the pleadings' and require this Court to treat plaintiff's motion as one for summary judgment under Fed. R. Civ. P. 56."), *aff'd sub nom. Baraga Prod., Inc. v. Michigan Com'r of Revenue*, 156 F.3d 1228 (6th Cir. 1998). Here, as discussed above and below, Magistrate Judge Patti specifically did not consider matters outside the pleadings to avoid converting Defendants' motion into one for summary judgment. ECF No. 60, PageID.590-91.

20

Finally, in *Kenall Mfg. Co. v. Cooper Lighting, LLC*, the Northern District of Illinois denied the plaintiff's motion for judgment on the pleadings and held that Rule 12(c) does not allow the entry of judgment on some but not all the elements of a single claim.  354 F. Supp. 3d 877, 893 (N.D. Ill. 2018).  Specifically, the court declined to apply Rule 12(c) where the plaintiff sought judgment as to liability—but not damages—on its breach of contract and patent infringement claims.  *Id.*  Here, Defendants moved to dismiss all of Plaintiff's claims and their motion was construed as a motion for judgment as to all claims.  Defendants did not attempt, nor did the Court allow Defendants, to "carve up claims or defenses on a motion for judgment on the pleadings."  ECF No. 75, PageID.875 (citing *Kenall*, 354 F. Supp. 3d at 894).

Lastly, Plaintiff seems to argue it was improper for Magistrate Judge Patti to recommend dismissal pursuant to Rule 12(c) without considering additional discovery obtained after the Amended Complaint was filed.  ECF No. 75, PageID.867.  As discussed above, the only exhibits Magistrate Judge Patti could consider on a Rule 12(c) motion were those referenced in the pleadings (*i.e.*, the complaint and the answer).  Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

21

Thus, only including the correspondence and municipal citations in the analysis was not a substantive mistake of law.

Because Plaintiff has not demonstrated a substantive mistake of law, *Cacevic*, 226 F.3d at 490, his renewed motion for relief from judgment must be denied.

## V.   CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that Plaintiff's "Re-Filing Motion 60(b)(1) for Relief from Final Judgments Because the Court Addressed the Wrong Question of Law" (ECF No. 75) is **DENIED**.


**IT IS SO ORDERED**.




                                        s/Gershwin A. Drain_____
                                        GERSHWIN A. DRAIN
                                        UNITED STATES DISTRICT JUDGE

Dated:  March 3, 2022




22

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 2, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

23