UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAAFAT ELSISY,

    Plaintiff,

v.

CITY OF KEEGO HARBOR and DAVID MCDONALD,

    Defendants.

Case No. 19-cv-13346

U.S. District Court Judge
Gershwin A. Drain

## OPINION AND ORDER DENYING PLAINTIFF'S SECOND RENEWED MOTION FOR RELIEF FROM JUDGMENT (ECF No. 79) AND ENJOINING PLAINTIFF FROM FILING ADDITIONAL MOTIONS IN THIS MATTER WITHOUT FIRST SEEKING LEAVE OF COURT

### I. INTRODUCTION

On November 13, 2019, the Plaintiff Raafat Elsisy, proceeding *pro se*, initiated this civil rights action against Defendants City of Keego Harbor and Code Enforcement Officer David McDonald. ECF No. 1. Plaintiff then filed a First Amended Complaint on March 18, 2020. ECF No. 17. He brings claims under 42 U.S.C. § 1983 for unlawful search and seizure in violation of the Fourth Amendment and void for vagueness and due process in violation of the Fourteenth Amendment. *Id.* at PageID.69.

1

Presently before the Court is Plaintiff's "Rule 60(b)(4) The court lost jurisdiction on this case – (ECF No.79)" (hereinafter "Second Renewed Motion for Relief from Judgment"). Defendants responded, ECF No. 80, and Plaintiff replied, ECF No. 81. Upon review of the Parties' submissions, the Court concludes oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Plaintiff's Motion on the briefs. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court will **DENY** Plaintiff's Second Renewed Motion for Relief from Judgment.

## II. BACKGROUND

### A. Factual Background

Magistrate Judge Patti set forth the relevant factual background in his February 3, 2021 Report and Recommendation:

> Plaintiff has parked in the driveway of his Keego Harbor home a Mercedes, a Hummer, a van, and a boat. (ECF No. 17, PageID.70-72, ¶¶ 23, 32.) In March of 2019, Plaintiff received a notice signed by McDonald asking that he correct two ordinance violations regarding the hazardous steps leading to his front door and the non-operational Hummer parked in his driveway by April 4, 2019. (ECF No. 17, PageID.66, 70, ¶¶ 4, 24; *see also* Exhibit 2 to Defendants' Motion to Dismiss, ECF No. 25-3.) When Plaintiff called McDonald in April to discuss the notice, McDonald asked if the Hummer was running, and directed Plaintiff to repair the middle step leading to his front door. (ECF No. 17, PageID.70, ¶ 25.) During that conversation, McDonald noticed Plaintiff's accent, which is "noticeable even to kids," and Plaintiff "laughed" and explained where he was from originally. (ECF

No. 17, PageID.70-71, ¶ 28.) McDonald gave plaintiff an extension to effect the repairs by the end of April "due to bad weather." (ECF No. 17, PageID.70, ¶ 25.)

In a second notice dated May 6, 2019, Plaintiff was given until May 15, 2019, to repair his front steps and to repair or remove all non-operational vehicles in the driveway. (ECF No. 17, PageID.71, ¶ 29; *see also* Exhibit 3 to Defendants' Motion to Dismiss, ECF No. 25-4.) However, when McDonald called again that month to inquire about the registration status of the vehicles, Plaintiff covered the van and Hummer license plates with a tarp so that they could not be seen. (ECF No. 17, PageID.71-72, ¶¶ 31-32.)

In September 2019, Plaintiff confronted McDonald when he noticed him looking into his house and traversing the "curtilage" area without permission, in response to which McDonald claimed to be investigating a neighbor's complaint regarding the van. (ECF No. 17, PageID.72, ¶¶ 33-34.) Ultimately, Defendants cited Plaintiff for violations of sections 302.1, 304.1, and 302.8 of the International Property Maintenance Code (IPMC) on October 2, 2019, stating, "property presents blight appearance," "front steps require repair," and "vehicle not operational or properly licensed." (ECF No. 17, PageID.73, ¶ 36; *see also* Exhibit 6 to Defendants' Motion to Dismiss, ECF No. 25-7.)

When Plaintiff called for clarity regarding the citations, McDonald mocked Plaintiff's accent and indicated that he knew all of the judges in the 48th district court, where Plaintiff's ordinance citation hearing would be held. (ECF No. 17, PageID.73-74, ¶¶ 38-40.) That hearing was originally scheduled for October 23, 2019, but adjourned to November 13, 2019, in light of Plaintiff's representations on the morning of the hearing that he came down with food poisoning. (ECF No. 17, PageID.77-78, ¶¶ 57-60.) Ultimately, however, the City

3

dismissed Plaintiff's case without prejudice, pending resolution of the instant action. (ECF No. 25, PageID.222.)

ECF No. 60, PageID.582–85.

### B. Procedural Background

The procedural background for this matter is extensive, so the Court describes only what is relevant here. This Court referred all pretrial matters to Magistrate Judge Anthony P. Patti. ECF No. 18. Plaintiff filed several motions, *see* ECF Nos. 28, 29, 30, 36, 39, that Magistrate Judge Patti resolved. Among other things, Defendants filed a Motion to Dismiss. ECF No. 25. Plaintiff never responded to Defendants' Motion, and Magistrate Judge Patti issued a Report and Recommendation suggesting the Court grant Defendants' Motion and dismiss Plaintiff's Complaint in its entirety. *See* ECF No. 60. The Court granted Plaintiff additional time to file objections to the Report and Recommendation. Nevertheless, Plaintiff did not file his objections, and the Court accepted and adopted the Report and Recommendation, ECF No. 69, and entered judgment in favor of Defendants, ECF No. 70.

Shortly thereafter, Plaintiff filed his first Motion for Relief from Final Judgment, ECF No. 71, which the Court denied, ECF No. 74. Plaintiff then filed a "Motion to Vacate Under 60(b)(1)," ECF No. 75, which the Court construed as a renewed motion for relief from judgment and denied, ECF No. 78.

Finally, Plaintiff filed the instant Second Renewed Motion for Relief from Judgment. ECF No. 79. Plaintiff argues, pursuant to Federal Rule of Civil Procedure 60(b)(4), that this Court has "lost jurisdiction" and its judgment against him is void. ECF No. 79, PageID.928. In so doing, Plaintiff reiterates his arguments from his previous motions for relief from judgment that the Magistrate Judge and this Court applied the wrong standard when resolving Defendants' Motion to Dismiss.[1] *Id*. As such, Plaintiff requests, among other things, that the Court transfer the case to another judge and accept new evidence into the record. *Id.* at PageID.929–30. Plaintiff also alleges, among other things, that he pays higher property taxes than he should while city officials pay lower property taxes than they should and that the municipal ordinances he has been charged with violating are part of a moneymaking scheme on the part of the city officials. *Id.* at PageID.932–35.

For the following reasons, the Court will deny the instant Motion. The Court will also enjoin Plaintiff from filing any further motions in this matter without leave of Court.

---

[1] Plaintiff also takes issue with the characterization that he has filed "several" motions.

### III. DISCUSSION

**A. The Instant Motion**

As a preliminary matter, Plaintiff is incorrect in asserting that this Court somehow "lost" jurisdiction over his case. Plaintiff attempts to bring constitutional claims, so this Court has jurisdiction pursuant to 28 U.S. Code § 1331, which provides that district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." To the extent Plaintiff attempts to argue that this Court has lost jurisdiction due to alleged bias against him, Plaintiff confuses the Court's ethical obligations with jurisdictional requirements. *See Scott v. Hoffner*, No. 1:13-CV-1200, 2014 WL 2895242, at *1 (W.D. Mich. June 26, 2014) ("Even if Petitioner could prove judicial bias, such bias would not deprive the court of jurisdiction."). Nor has Plaintiff adequately asserted a claim of judicial bias.

Federal Rule of Civil Procedure 60(b)(4), under which Plaintiff seeks relief, allows the Court to relieve a party from a final judgment if "the judgment is void." "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citation omitted). Indeed, the Supreme Court has explained, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation

of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271.  Specifically, Rule 60(b)(4) relief is "reserved relief only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction." *Id.* (citation and quotation marks omitted).  Here, as stated *supra*, this Court has jurisdiction over Plaintiff's matter.  Accordingly, Plaintiff is not entitled to Rule 60(b)(4) relief and his Motion must be denied.

### B. Future Filings

On August 5, 2020, Magistrate Judge Patti issued an Order Granting Defendants' Motion to Stay Discovery and Requiring Leave of the Court to File Additional Motions.  ECF No. 44.  In the Order, Magistrate Judge Patti directed that:

> the parties shall not file any additional motions without leave of Court to do so.  If a party believes it is necessary to file an additional motion, that party must file a letter addressed to the Court, of no more than one page, outlining the dispute and the attempts to resolve it.

ECF 44, PageID.5.  Despite Magistrate Judge Patti's decree, the docket shows Plaintiff has filed thirteen additional motions without first seeking leave of Court: a motion to stay pending appeal (ECF No. 47), a motion to disqualify judge (ECF No. 50), three motions for extension of time to file a response to the telephonic hearing (ECF Nos. 55, 56, 57), four motions for extension of time to file objections to the Report and Recommendation (ECF Nos. 61, 62, 64, 66), a motion for lack of subject

7

matter jurisdiction (ECF No. 67), and three motions for relief from judgment (ECF Nos. 71, 75, 79).

Due to Plaintiff's *pro se* status, the Court has been lenient and continued to address his filings; however, his motions for relief from judgment, in particular, have been frivolous and without merit. *See generally* ECF Nos. 74, 78. In light of Plaintiff's litigation history, there is good reason to believe Plaintiff will continue to file motions for relief from judgment, or other frivolous motions, in this matter. "Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct [that] impairs the ability to carry out Article III functions" and "the responsibility to prevent litigants from unnecessarily [monopolizing the] judicial machinery needed by others." *Shaw v. Comm'r of Soc. Sec.*, No. 10-10727, 2013 WL 5944785, at *2 (E.D. Mich. Nov. 6, 2013) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir.1986)). As such, the Sixth Circuit has held that district courts have the authority to "issue an injunctive order to prevent prolific litigants from filing harassing and vexatious pleadings." *Brown v. Foley*, No. 20-3272, 2020 WL 8921407, at *2 (6th Cir. 2020). Thus, given Plaintiff's failure to comply with Magistrate Judge Patti's order even after being reminded of it multiple times, *see, e.g.*, ECF No. 78, PageID.911, the Court will enjoin Plaintiff from filing any further motions or papers in this case without first seeking leave of Court.

### IV.  CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that that Plaintiff's Second Renewed Motion for Relief from Judgment (ECF No. 79) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Raafat Elsisy is **ENJOINED** from submitting any additional motions or papers in this matter without first seeking leave of Court.  Leave to file **SHALL** be requested in writing, in no more than one page explaining why the filing is necessary.  Any motions or papers filed in violation of this order **SHALL** be stricken from the docket.  Plaintiff is **ADVISED** that failure to comply with the procedures outlined in this Opinion and Order may result in the imposition of monetary sanctions pursuant to Federal Rule of Civil Procedure 11(b), (c)(3), and (4).

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  January 12, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 12, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager