UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Raafat Elsisy,

    Plaintiff,

v.

City of Keego Harbor and David McDonald,

    Defendants.
_____/

Case No. 19-cv-13346

U.S. District Court Judge
Gershwin A. Drain

**ORDER SUMMARILY DENYING PLAINTIFF'S MOTION (ECF No. 87), DIRECTING CLERK OF COURT TO STRIKE PLAINTIFF'S MOTION (ECF No. 87) FROM THE DOCKET, AND ORDERING PLAINTIFF TO SHOW CAUSE WHY MONETARY SANCTIONS SHOULD NOT BE IMPOSED PURSUANT TO FED. R. CIV. P. 11(c)**

Plaintiff Raafat Elsisy is a prolific filer in this matter. As such, he has been enjoined from filing additional motions in this case without first obtaining leave of court. ECF No. 82, PageID.986l; *see also* ECF 44, PageID.5. The Sixth Circuit Court of Appeals has upheld a district court's ability to enjoin a litigant under similar circumstances. *Brown v. Foley*, No. 20-3272, 2020 WL 8921407, at *2 (6th Cir. 2020) (affirming district court's denial of relief under Federal Rule of Civil Procedure 60 and order requiring plaintiff to obtain leave of court before filing any

1

additional motions or documents); *see also Smith v. Akron City Council*, 173 F.3d 856, *1 (6th Cir. 1999) (table) ("A district court has the authority to issue an injunctive order to prevent prolific litigants from filing pleadings without first obtaining court approval to do so." (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)).

Presently before the Court is a filing entitled "Motion Judge Drain Individually Lost Jurisdiction Prior to Dismessal [*sic*] of Ecf-75, by Admitting in Writing that He Willfully & Intentionally Acted on the Motion to Dismess [*sic*] with No Justiciable Controversy Existed. So the Dismessal [*sic*] of Both Ecf 79 & 82 Were Void Under Rule 60(B)(4), Also the Court Lost Jurisdiction on Other Grounds Including Due Process Violations, so Judgements Ecf-69 Should Be Vacated. I Am Challenging the Constitutionality & Enforcement of Judge Drain Order to Enjoined Me from Filling or Stricken My Motions From Docket Without Leave Of Court." ECF No. 87.  This document, filed on June 9, 2023, is very similar to two others Plaintiff attempted to file on February 9, 2023 and May 3, 2023.  Like his earlier filings, Plaintiff filed the June 9, 2023 document without first seeking permission from the Court to do so.  As such, pursuant to Court's order on January 12, 2023 and the Magistrate Judge's order on August 5, 2020, Plaintiff's most recent filing will be summarily denied and stricken from the docket.

The Court has now warned Plaintiff several times that additional frivolous post-judgment filings may result in the imposition of monetary sanctions pursuant to Federal Rule of Civil Procedure 11.[1] *See* ECF No. 82, PageID.986; ECF No. 84, PageID.1005–06; ECF No. 86, PageID.1028. Plaintiff has now flouted the Court's warnings three times. Moreover, judgment in this case was entered on March 9, 2021, but Plaintiff has filed six motions for relief from judgment under Rule 60(b), *see* ECF Nos. 71, 76, 79, 83, 85, 87, despite this Court's warnings that successive motions under Rule 60 are procedurally improper, *see, e.g.*, ECF No. 78, PageID.920. As the Court has already informed Plaintiff, the proper method of disputing this Court's rulings is to file an appeal with the Sixth Circuit, not to file successive Rule 60(b) motions. ECF No. 86, PageID.1028.

Rule 11(b) provides, in relevant part, that:

> [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for

---

[1] Hereinafter, any citation to a "Rule" or the "Rules" is a reference to the Federal Rules of Civil Procedure unless otherwise stated.

> extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b). Furthermore, Rule 11(c) provides, in relevant part, that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Nevertheless, Plaintiff has failed to comply with Rule 11(b) and has failed to heed this Court's numerous warnings about the consequences of his noncompliance. The Court will thus order Plaintiff to show cause why he should not be sanctioned for continuing to violate this Court's orders and the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(c)(3).

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that Plaintiff's Motion (ECF No. 87) is **SUMMARILY DENIED**. The Clerk of Court is **DIRECTED** to **STRIKE** this Motion from the docket.

**IT IS FURTHER ORDERED** that Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, within **thirty (30) days** of the date of this Order why the Court should not impose a monetary sanction of $100 for his continued filing of motion

with no basis in law or fact with the apparent intent of harassing this Court by repeatedly presenting allegations that have already been rejected. Plaintiff is **ADVISED** that failure to respond to the Order to Show Cause will result in the imposition of the $100 monetary sanction.

      **IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: August 15, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 15, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager